[Civ. No. 8994.   Third Dist.   July 10, 1957.]

ELZA BIRNBAUM, Appellant v. WYMAN D. BLUNT, Respondent.

William J. Connolly and Donald F. Farbstein for Appellant.

Geary, Spridgen & Moskowitz for Respondent.

WARNE, J. pro tem.*—The plaintiff, Elza Birnbaum, brought an action against the defendant, Wyman D. Blunt, to recover damages for personal injuries sustained as the result of an automobile accident. At the time of the accident plaintiff was riding in an automobile owned by her husband, Szlamek Birnbaum, who was not present in the automobile. The automobile was being driven by her brother, Henry Libicki, with the knowledge and consent of her husband. The defendant's car collided with the car being driven by Libicki. It appears that the Birnbaums brought separate actions against the defendant. The plaintiff's action was to recover for her personal injuries, and her husband sought to recover the damages to his automobile. The defendant cross-complained against plaintiff's husband for his property damage and also as a special defense to Szlamek's suit pleaded contributory negligence. To the cross-complaint Szlamek likewise pleaded contributory negligence as a special defense. The two cases were consolidated for trial.

The trial court found that at the time of the accident plaintiff's brother was operating her husband's automobile as his agent and within the scope and course of his agency. It also found that plaintiff's brother and defendant were both guilty of contributory negligence. It concluded that neither plaintiff nor her husband was entitled to recover against the defendant, and that defendant on his cross-complaint was not entitled to recover against plaintiff Szlamek Birnbaum. Judgment was entered accordingly. Plaintiff Elza Birnbaum appeals from the judgment against her.

The evidence shows that Libicki had arrived in California on the morning of the day of the accident. Plaintiff and her husband met him at the San Francisco airport and they then drove to plaintiff's residence in Sonoma County. Later plaintiff's husband, accompanied by his wife and Libicki, drove the automobile to the place where he was to work that afternoon. He then turned the vehicle over to his brother-in-law

---

*Assigned by Chairman of Judicial Council.

to use for his pleasure on a sightseeing trip about the county. Plaintiff was not licensed to operate a motor vehicle, so her brother drove. The car was the separate property of plaintiff's husband. At the end of the day, plaintiff and Libicki were to return to her husband's place of employment in order to "pick him up" and take him home. They were on this mission and within a few hundred feet of their destination when the accident occurred.

Plaintiff contends that there is no evidence to sustain the court's finding that at the time of the accident Libicki, the brother, was an agent of plaintiff's husband. While it is doubtful if the evidence will sustain such a finding, we do not think it is vital to the issue presented by this appeal.

■ Section 402, subdivision (a), of the California Vehicle Code provides as follows: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

In the case of *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10], in construing the meaning of this section, the court stated at pages 299 and 300: "The phrase 'the negligence of such person shall be imputed to the owner for all purposes of civil damages' can be interpreted in no other sense than to include actions by the owner against third persons. Indeed, that was undoubtedly the very purpose of the amendment. If the section were not so interpreted, the added portion would be meaningless, . . ." It follows that if the negligence of the permissive operator is to be imputed to the owner "for all purposes of civil damages," the imputation must apply to bar a recovery in which the owner would have an interest as well as to impose liability upon him to third persons.

■ Since a cause of action for personal injuries suffered by either spouse during marriage and any recovery of damages constitutes community property, at least in the absence of an agreement otherwise between the spouses (*Zaragosa* v. *Craven,* 33 Cal.2d 315, 320 [202 P.2d 73, 6 A.L.R.2d 461]), the plaintiff's husband in the instant case had a vested interest in her cause of action (Civ. Code, § 161a), and as the negligence of Libicki, the driver of the car, would be imputed to plaintiff's husband as the owner of the car, the cause of

374

action by the wife (plaintiff) would be subject to the same defense. (*Milgate* v. *Wraith, supra.*) Thus, Vehicle Code, section 402, subdivision (a), bars plaintiff's right of recovery.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied August 5, 1957, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1957. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.