Gibson, J.
The case before us for decision represents yet another variant from the pattern of negligence actions in which the principle of collateral estoppel has been successfully asserted following prior litigation of one or more of the underlying negligence issues.
The plaintiff administratrix, suing both for the wrongful death and the conscious pain and suffering of her daughter, who died as a result of injuries sustained in a one-car accident, seeks recovery against Putnam County and the defendant Prodoti, charging defendant county with negligent maintenance of the highway and defendant Prodoti with negligently interfering *47 with decedent’s operation of the automobile. In a prior action in a United States District Court, Prodoti, alleging that decedent was the driver, recovered against the car owner, her father. The administratrix was not a party to the prior suit.
Subsequent to the determination in the District Court, defendant Prodoti’s motion to amend his answer so as to interpose the defenses of res judicata and collateral estoppel was granted and a similar motion by defendant county was later denied, without prejudice. Upon appeal by plaintiff, the Special Term order granted on Prodoti’s motion was reversed, the Appellate Division, Second Department, holding that ‘ ‘ the defense of res judicata which respondent seeks to interpose in his amended answer is not available against appellant, who was not a party or in privity with the defendant in the litigation which resulted in the prior judgment ” (30 A D 2d 929). Following the decision of this court in Schwarts v. Public Administrator (24 1ST Y 2d 65), the defendants renewed their motions, Special Term granted them, and, upon appeal, the Appellate Division affirmed, without opinion, Presiding Justice Christ dissenting in a memorandum in which Justice Hopkins joined, considering “ that before collateral estoppel may be used against a party, that party, or one in privity with him, must have had at least one opportunity to litigate the issues involved ”; and that plaintiff was neither a party to the prior litigation nor in privity with the defendant there sued (35 A D 2d 578, 579). The case comes to us from the order deciding the second appeal.
In each of the cases considered to have established, and in successive steps expanded the more recent concept of res judicata and collateral estoppel, there had previously been a recovery against the party against whom the rule, in one or the other of its forms, was applied in the later action. Thus, in Good Health Dairy Prods. Corp. v. Emery (275 N. Y. 14) the defendant’s driver, upon establishing that he was free from any negligence, had previously recovered against the plaintiff owner. In Cummings v. Dresher (18 N Y 2d 105) the plaintiffs, owner and operator, suing the owner and operator of the second automobile involved, had previously been found negligent in an action brought by a passenger in the second automobile. In B. R. DeWitt, Inc. v. Hall (19 N Y 2d 141), where the rule was affirmatively applied to mandate a recovery, the plaintiff *48 owner’s driver had previously recovered against the defendant owner Hall. In Schwartz v. Public Administrator (24 N Y 2d 65, supra), an action by one driver against the other, the prior recovery had been by a passenger against both drivers. In Albero v. State of New York (31 A D 2d 694, affd. 26 N Y 2d 630), claimant was an operator and the record was open to the factual possibility, among others, of concurrent negligence on the part of the State and another driver, but the latter had previously recovered against claimant.
In the case before us, it is sought, for the first time in this court, to apply the principle of collateral estoppel to a plaintiff who was not a party to the prior litigation. Indeed, defendant Prodoti is the only party to this action who was' also a party in the Federal case. The pattern, above alluded to, of application of the principle, defensively at least, only to bar recovery by parties against whom judgment upon the same issues had previously been had, did not emerge fortuitously, but parallels and reflects the cognate rule laid down in the earlier cases (see, e.g., Liberty Mut. Ins. Co. v. Colon & Co., 260 N. Y. 305, 308, 312), and consistently reiterated in the later ones, as “the sound principle that, where it can be fairly said that a party has had a full opportunity to litigate a particular issue, he cannot reasonably demand á second one ’ ’ (Schwartz v. Public Administrator, 24 N Y 2d 65, 69, supra; B. R. DeWitt, Inc. v. Hall, 19 N Y 2d 141,145, supra; Cummings v. Dresher, 18 N Y 2d 105, 107-108, supra; Israel v. Wood Dolson Co., 1 N Y 2d 116, 119; Good Health Hairy Prods. Corp. v. Emery, 275 N. Y. 14, 18, supra).
It cannot be gainsaid that plaintiff administratrix did not have a full and fair opportunity, nor, indeed, any opportunity, to contest the issues tendered in the District Court. The circumstance that, she and the defendant absentee owner in that case are wife and husband, as well as decedent’s parents and only distributees, is not of compelling legal significance. Thus, we are bound to treat as completely tenuous respondent county’s contention that if the mother had ‘ ‘ knowledge or other proof * * * she had the opportunity and duty to present the same ” at the District Court trial. Respondent does not substantiate its contention in respect of either ‘ ‘ opportunity ” or “ duty ’ ’ *49 and it cannot rationally be held that either existed. Dealing, as we must, with rules of general .application, we consider that respondent’s argument, being in large part factual, would fail in any event upon consideration of its impact in such other cases as that, for example, of an infant distributee and a corporate or other administrator without knowledge derived from a family relationship (cf. Smith v. Hood, 396 F. 2d 692).
We find no greater substance in the argument that plaintiff’s representative capacity is not meaningful and that, disregarding it, we must look only to the interests of the parents as distributees and in some fashion find that both are bound by the determination rendered against the father as an absentee owner. The legal differences between individuals and estate representatives are practical as well as technical, and too well established to require discussion. This being so, it is unnecessary to do more than note the additional and subsidiary consideration that in an action for conscious pain and suffering, and to a lesser degree in a wrongful death action, an executor or administrator represents interests additional to those of the distributees.
If, nevertheless, we take account of the possibility of a recovery by the administratrix and the ultimate payment of a share therein to the father, who has previously been found negligent by reason of the purely vicarious liability imposed by statute (Vehicle and Traffic Law, § 388), there is nothing that is either new or deplorable in such a result. The statute which imputes to an absentee owner the negligence of his driver, for the purpose of imposing liability to an injured third party, does not impute contributory negligence to such an absentee owner in his action to recover his own damage (Continental Auto Lease Corp. v. Campbell, 19 N Y 2d 350; Mills v. Gabriel, 284 N. Y. 755). Thus, in Continental, the absentee owner recovered its property damage sustained in a two-car accident although its own and the other driver were found negligent; and in Brooks v. Horning (27 A D 2d 874, mot. for lv. to app. dsmd. 20 N Y 2d 760) the court recognized the rights of both the absentee owner and his driver to recover, although the passengers in the car had recovered against the owner in an action to which the driver was not a party. It was similarly, and correctly held in Willsey v. Strawway (44 Misc 2d 601, *50 affd. 22 A D 2d 973) that the vicarious liability imposed by section 388 does not create privity for purposes of collateral estoppel nor serve to deprive an operator not participating in the prior action of her day in court.
The order of the Appellate Division should be reversed, with costs, and the case remitted to Special Term for further proceedings in accordance with this opinion, and the question certified answered in the negative.