500 P.2d 669

Luke PHILLIPS and Ruby Phillips, his wife, Plaintiffs and Appellants,

v.

TOOELE CITY CORPORATION, Defendant and Respondent.

No. 12740.

Supreme Court of Utah.

Aug. 29, 1972.

12. See footnote 1—first case.

13. 8 A.L.R.3d 1361.

Myrna Mae Nebeker, Salt Lake City, for plaintiffs and appellants.

W. Brent Wilcox, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiffs initiated this action to recover property damages, which were incurred when their jointly owned automobile collided in an intersection with a garbage truck operated by defendant's agent in Tooele, Utah. The plaintiffs' vehicle was being operated by Ruby Phillips' sixteen-year-old married daughter, Phyllis Perkins, pursuant to permission granted by her mother. Plaintiff Luke Phillips was not the father of said driver and had never granted her permission to operate the vehicle. Mr. Phillips was at work at the time of the incident. The jointly owned automobile had been acquired with funds derived from a family business, where both plaintiffs worked alternate shifts. Ruby Phillips had signed her daughter's application for a driver's license, and pursuant to Section 41–2–10(2), U.C.A.1953, she was the person declared by the legislature to "be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct."

At the conclusion of the presentation of plaintiffs' evidence, the defendant moved to dismiss the action, which was granted. The trial court determined as a matter of law that Phyllis Perkins was negligent in that she failed to keep a proper lookout regarding defendant's truck and that she failed to yield the right of way to the truck; said negligence was a proximate contributing cause to the resulting collision. The trial court held that the driver's negligence was imputed to plaintiffs by virtue of law, i.e., plaintiffs provided the vehicle to the minor driver, Section 41–2–22, U.C.A.1953, and Ruby Phillips signed

the minor's driver's license application, Section 41–2–10(2), U.C.A.1953.

■ .On December 18, 1970, Phyllis Perkins was proceeding westerly on Utah Avenue towards the intersection at 5th Street in Tooele, Utah. The roadway was completely covered in snow, and Phyllis was driving at a speed of approximately 15 m.p.h. (22 feet per second). Approximately one-half block prior to the intersection (at a point identified by the investigating police officer as approximately 200 or 250 feet), the driver observed a garbage truck, which appeared stopped at the north edge of the intersection near the center of 5th Street. After this initial observation, Phyllis proceeded slowly, and was unaware of the truck until it appeared at her right side, and the collision occurred, in the northwest quarter of the intersection near the center line. The point of impact on the automobile was approximately 24 inches behind the right front headlight, and the force of the collision pushed the vehicle into the southwest corner of the intersection. The investigating police officer testified that the garbage truck driver related that as he approached the intersection he looked to the right but failed to look to the left until he was too close to the intersection to stop and avoid hitting the oncoming car from the left. There were no other vehicles on the roadway or any other ob-structions to Mrs. Perkins' vision, which would have distracted her or prevented her from seeing the truck in the interim between her initial observation and the time of collision. There were no traffic control devices at the intersection, and defendant's southbound truck on 5th Street had the right of way over plaintiffs' westbound vehicle.

■ On appeal, plaintiffs urge that the trial court erred in its determination that Phyllis Perkins was contributorily negligent as a matter of law and that this issue should have been submitted to the trier of facts.

■ The trial court may properly take the issue from the jury and rule as a matter of law that plaintiff was contributorily negligent only if the evidence demonstated that fact with sufficient certainty that all reasonable minds would so find.[1]

Plaintiffs argue that by defendant's driver having stopped at the open intersection, he waived the right of way and that as the disfavored driver when he entered the intersection, without looking, his negligence was the sole proximate cause of the accident or so the jury could have found.

■ The emphasis upon the preferred status of either driver will not resolve the issue, for this right is not absolute, and one who has the right of way may not

1. Smith v. Thornton, 23 Utah 2d 110, 113, 458 P.2d 870 (1969).

claim it in the face of a danger, which one exercising due care would see and avoid. The rights and duties of drivers approaching intersections are questions dealing with the standard of conduct to be expected of a reasonably prudent man.[2]

In Martin v. Stevens[3] this court observed that in each of the cited cases wherein a driver was held contributorily negligent as a matter of law, the negligence, or manner of driving of the other driver was such that the driver appraising the situation was alerted to it or by using due care would have been so alerted in time so that by the exercise of ordinary precaution he could have avoided the collision.

Hickok v. Skinner[4] is particularly applicable to the instant action. In that case this court affirmed the determination of the trial court that plaintiff was contributorily negligent as a matter of law. This court observed that even if the defendant should have yielded the right of way, plaintiff was not absolved of his negligence for his prolonged inattention to approaching traffic. The evidence failed to establish a traffic situation which required the attention of a reasonably careful driver to be so restricted as to prevent a second observation towards the approaching vehicle. The time element, even if it were less than was shown by the evidence, was such that a reasonably prudent and careful person would have glanced several times towards the approaching car, while traversing the distance from the point of initial observation to the point of collision.

In the Hickok case, this court refuted the assertion of plaintiff that since he had looked once and concluded that he had time to clear the intersection, he was not negligent in his failing to look again. This court pointed out that plaintiff had disregarded two factors of controlling significance, first, he was uninformed of the speed of defendant's approaching vehicle; second, the speed at which plaintiff was traveling and the distance that he had to travel before he entered defendant's path of travel permitted him time to look and to reappraise the relative positions of the cars and permitted him ample opportunity to correct his first conclusion, if he had erroneously estimated the distance the defendant's car was from the intersection.[5] This court concluded that both drivers have the duties of being heedful and of maintaining a proper lookout and that plaintiff was neglectful in both particulars and no jury could reasonably find that he was not negligent.

In the instant action, when Phyllis Perkins, at a distance of one-half block, ini-

2. Hughes v. Hooper, 19 Utah 2d 389, 391, 431 P.2d 983 (1967).

3. 121 Utah 484, 493, 243 P.2d 747 (1952).

4. 113 Utah 1, 190 P.2d 514 (1948).

5. At pp. 7–8 of 113 Utah, 190 P.2d 514.

tially observed the truck, it was already in the intersection and by its location had the preferred driver status. ` Considering both the time element (nine seconds) and the distance element (at least 200 feet) a reasonably prudent person would have looked again at the truck and reappraised the conclusion that it was stopped and had waived its right of way. The failure of Mrs. Perkins to keep a proper lookout and to heed what was there to be observed constituted contributory negligence as a matter of law.

■ Plaintiffs further urge that the trial court erred in its determination that the minor driver's contributory negligence was imputed to them so as to bar their recovery. The trial court found both Sections 41–2–22, U.C.A.1953, and 41–2–10(2), U.C.A.1953, applicable in the instant action. This opinion has previously referred to the significant provisions in the latter statute. Section 41–2–22, U.C.A.1953, provides:

> Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.

6. 120 Utah 231, 236, 233 P.2d 350 (1951).

Comment d, of the Restatement, Torts 2d, Section 485, pp. 452–453, succinctly states the issue as follows:

> . . . there are statutes which make the owner of an automobile liable as a defendant for any harm done to others by the negligence of any one driving it with the consent of the owner. If the purpose of such a statute is found to be to make the owner responsible in all respects for the negligence of the driver, it may be construed to impute the negligence of the driver to the owner to bar his recovery for harm to the automobile. On the other hand, if the purpose of the statute is found to be merely to give greater opportunity for recovery to third persons injured by the negligent operation of automobiles, by affording an action against a financially responsible defendant, it may be construed to have no such effect in imputing the negligence to the owner to bar his own recovery.

In Lowder v. Holley [6] this court stated in reference to Section 41–2–22, that the obvious intent of the legislature was to protect innocent third parties from the negligence of minors to whom cars are furnished or who are permitted by the owners of cars to drive them, by holding the owners responsible therefor.

In Rogers v. Wagstaff [7] this court observed that Section 41–2–10(2) was enact-

7. 120 Utah 136, 141, 232 P.2d 766, 26 A.L.R.2d 1316 (1951).

ed to protect the public by requiring proof of financial responsibility in behalf of persons under the age of eighteen years before issuance of a driver's license.

This court has previously held that the contributory negligence of the bailee cannot be imputed to the bailor of property, because there is no agency relationship created by a bailment.[8] The two statutes under consideration herein do not designate expressly or impliedly that the minor driver is the agent of the responsible person specified; so the common law rule concerning negligence in a bailment situation appears applicable.

There are statutes, the terms of which the courts have felt compelled them to find the contributory negligence of the driver barred the owner from recovery from a negligent third person. An example is provided in Birnbaum v. Blunt[9] wherein the court held that the phrase "the negligence of such person shall be imputed to the owner for all purposes of civil damages" must be interpreted to include actions against third persons. It is of significance that the legislature subsequently deleted this phrase from the statute for the express purpose of permitting an owner to recover his damages from a negligent third person.[10]

In Sizemore v. Bailey's Administrator [11] the court interpreted a statute similar to Section 41–2–10(2), U.C.A.1953, and stated that the legislature was attempting to give the plaintiff an additional source of recovery for damages which had been sustained and was not attempting to give the defendant, by means of the statute, an additional defense to an action for negligence brought against him. The court observed that their conclusion was strengthened by the terms of another subsection in the statute (Utah has a similar subsection, 41–2–10(3)) wherein it was provided that if the minor deposits proof of financial responsibility, the person who signed the application should not be subject to the liability otherwise imposed by the statute. The court concluded that it was clear that the statute was to provide a means of collecting a judgment for damages caused by the negligent driving of a minor. Since the statute did not specifically provide that the contributory negligence of a minor would preclude recovery for damages inflicted by a third party, the court declined to read in by judicial fiat such a provision.

In both York v. Day's Inc.[12] and Westergren v. King [13] the court in construing a statute substantially similar to Section 41–

8. Glenn v. Gibbons & Reed Co., 1 Utah 2d 308, 311, 265 P.2d 1013 (1954).

9. 152 Cal.App.2d 371, 313 P.2d 86 (1957).

10. See West's Annotated California Code, Vehicle, Sec. 17150, Legislative Committee Comment—Senate.

11. Ky., 293 S.W.2d 165, 168, 169 (1956).

12. 153 Me. 441, 140 A.2d 730 (1958).

13. Delaware, 9 Terry 158, 99 A.2d 356 (1953).

2-22, U.C.A.1953, found that it could not reasonably be inferred from the language that the legislature intended the negligence of the minor to be imputed to the owner so as to constitute a bar to the owner's recovery in an action by him against a negligent third party, i. e., the provisions had not altered the common law rule respecting a bailor's right to recover from a negligent third person and created a general agency. The Maine court observed that the statute under consideration concerned itself solely with minors under eighteen, as bailees, a group almost uniformly impecunious; and the statute, as promulgated, was a remedy fashioned to give financial relief to those who sustained damage by the negligent operation of a minor driver.

In Continental Auto Lease Corporation v. Campbell[14] the court observed that there was a distinction between imputed negligence and imputed contributory negligence; the effect of the former is to broaden liability, while the effect of the latter is to narrow it. The court stated that the enactment under consideration expressed the policy that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant. The owner of the vehicle is the obvious candidate, for he can easily carry insurance to cover the risk. However, this legislative policy to broaden liability for the protection of an injured plaintiff gives no support to the doctrine of imputed contributory negligence which narrows the liability of a negligent defendant to a plaintiff, who is innocent of actual negligence.[15]

In the instant action, the reasoning in the cited cases impels the conclusion that neither Section 41-2-22, U.C.A.1953, nor Section 41-2-10(2), U.C.A.1953, requires that the contributory negligence of the minor driver should be imputed to the designated responsible person in his action against a negligent third party. These statutes were designed solely to protect innocent third parties from the negligence of a minor driver by providing financial responsibility; there are no provisions therein that may be reasonably construed to deny an owner the right to recover for a wrong done to him. This case is reversed and remanded for a new trial wherein the negligence of defendant's agent, if any, and the damages sustained may be determined. Costs are awarded to plaintiffs.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

14. 19 N.Y.2d 350, 280 N.Y.S.2d 123, 227 N.E.2d 28, 29 (1967).

15. Also see Jacobsen v. Dailey, 228 Minn. 201, 36 N.W.2d 711, 11 A.L.R.2d 1429 (1949); Universal Underwriters Insurance Co. v. Hoxie, 375 Mich. 102, 133 N.W.2d 167 (1965); White v. Yup, 85 Nev. 527, 458 P.2d 617 (1969); McMartin v. Saemisch, 254 Iowa 45, 116 N.W.2d 491 (1962).