LOUIS F. WENISCH v. HELENE HOFFMEISTER.

[No. 2-974A218. Filed March 2, 1976.]

C. *Michael Cord, Bayliff, Harrigan, Cord & Maugans,* of Kokomo, for appellant.

*David H. Williams, Noel, Noel & Williams,* of Kokomo, for appellee.

SULLIVAN, J.—Pursuant to Ind. Ann. Stat. § 9-1-4-32 (Burns Code Ed. 1973), plaintiff-appellant Louis F. Wenisch (Louis) signed the driver's license application of his son Jeffery, a minor under the age of 18. The statute insofar as here pertinent read and now reads as follows:

> "(d)    Any person so signing an application as above provided thereby agrees to be responsible, jointly and severally with the applicant, for any injury or damage which the applicant may cause by reason of the operation of a motor vehicle, in all cases where the applicant is liable in damages."

Louis filed complaint against Helene Hoffmeister (Helene) for property damage to a vehicle owned by him and driven by his son, Jeffery. Helene counterclaimed against Louis for property damage to her vehicle. Upon stipulated facts, the Howard Superior Court found both Jeffery and Helene to have been negligent and that the negligence of each driver was a proximate cause of the collision and of the resultant damage to both vehicles. The court thereupon entered judgment for Louis upon Helene's counterclaim and for Helene upon Louis' complaint. The parties do not contest the findings

with respect to negligence nor does Helene appeal the adverse judgment upon her counterclaim. The sole determination before us on appeal is the judgment against Louis upon his complaint.

The judgment as originally entered found that Jeffery's *"negligence* is imputable to the plaintiff by reason of plaintiff's having signed the application for driver's license of his minor son, Jeffery, agreeing to be financially responsible wherever Jeffery may be liable as a result of operating a motor vehicle."

Upon filing of Louis' Motion to Correct Errors, the court modified the judgment, changing the crucial conclusion from an imputation of *negligence* to an imputation of *"liability"* for Jeffery's negligence. Louis' Motion to Correct Errors addressed to the modified judgment was overruled.

Louis acknowledges that the question is one of first impression in Indiana but relies upon case law from other jurisdictions as support for his contention that § 9-1-4-32 may not be construed to impute contributory negligence or "liability" so as to defeat a claim for property damage to his own vehicle.

Helene defends against the attack made by Louis without citation of authority and without seeking to distinguish or discredit the cases cited by Louis. Rather she relies solely upon policy considerations deemed by her essential to an equitable application of the law. She interprets the statute in question as follows:

> "It simply establishes the whole law of torts as applicable in such cases; in other words, the parent can nevertheless defend against liability, as in this case, on the ground that the other party was contributorily negligent. However, he should not be permitted to climb into his son's shoes to claim this defense, and then to remove them and thrust the bailment sword through the other driver's identical defense."

Somewhat alternatively, however, and in seeming disregard of the very specific basis of the judgment below, Helene con-

tends that imputation is not the appropriate conceptual basis of the judgment but rather, that "the minor's negligence should estop his signing parent from shifting his loss to the other party."

The statute here involved, as the trial court undoubtedly recognized by its judgment modification, does not impute negligence. Its sole imputation is that of liability. *Universal Underwriters Insurance Co.* v. *Hoxie* (1965), 375 Mich. 102, 133 N.W.2d 167.

Statutes similar to that of Indiana which create such vicarious liability have been judicially construed. It has been held that such statutes may not be construed to impute contributory negligence so as to bar the parent-owner's claim for property damage, even though those statutes have perhaps been inaccurately said to provide for imputation of negligence. *See Molino* v. *County of Putnam* (1971), 29 N.Y.2d 44, 323 N.Y.S.2d 817, 272 N.E.2d 323; *Compare* with *Birnbaum* v. *Blunt* (1957), 152 Cal. App.2d 371, 313 P.2d 86, imputing contributory negligence pursuant to a statute which expressly provided (though it no longer does so) that "the negligence of such person shall be imputed to the owner for all purposes of civil damages"; *Contra* is *Sizemore* v. *Bailey's Admr.* (1956), Ky., 293 S.W.2d 165.

In *Phillips* v. *Tooele City Corp.* (1972), 28 Utah 2d 223, 500 P.2d 669, the Utah Supreme Court held as did the Michigan Supreme Court in *Universal Underwriters Insurance Co.* v. *Hoxie, supra,* that a statute similar to that of Indiana was an imputation of liability statute not a negligence imputation statute. The Utah court stated:

"These statutes were designed solely to protect innocent third parties from the negligence of a minor driver by providing financial responsibility; there are no provisions therein that may be reasonably construed to deny an owner the right to recover for a wrong done to him." 500 P.2d at 674.

To the same effect is *York* v. *Day's, Inc.* (1958), 153 Me. 383, 140 A.2d 730 and *Stuart* v. *Pilgrim* (1956 Iowa), 7 N.W.2d 212 overruling long standing case precedent which imputed contributory negligence under a similar statute.

We might utilize the above cases as our sole rationale for holding that in applying § 9-1-4-32, *supra,* as a bar to an affirmative damage claim, the court erred. But we view the issue to be determined even more simply than by resort to legislative purpose.

The clear language of the statute makes the license application signator responsible for damage caused by the applicant and for which the applicant is liable. If the applicant is not "liable in damages" the statute is inoperative. It thus appears that when the court found Helene negligent so as to preclude recovery on any claim either directly against Jeffery, the driver, or as set forth in her counterclaim, derivatively against Louis, consideration of the statute became irrelevant. Neither Jeffery's nor Louis' liability was in issue once Helene's own negligence was established. Therefore, when the court premised its judgment against Louis upon an imputation of liability, it erred.

The erroneous application of § 9-1-4-32 does not per se render the judgment reversible. However, the principle of appellate review that we must affirm if the judgment is sustainable as a matter of law on any basis may not be applied here.

Stripped of the alleged protective cover of § 9-1-4-32, Helene's argument must be distilled down to the basic contention that a son's contributory negligence is imputed to the father who permits the son to operate the vehicle as a gratuitous bailee.

This contention necessarily fails in the light of existing Indiana law which precludes imputation of contributory negligence from bailee to bailor. *Gagle* v. *Heath* (1944), 114 Ind. App. 566, 53 N.E.2d 547; *Lee* v. *Layton* (1929), 95 Ind. App. 663, 167 N.E. 540. The parties do not argue nor do

the facts of record permit argument that this long-standing principle should be abrogated in favor of a family use doctrine. Neither do the facts of record give rise to any reasonable inference of an agency or joint enterprise relationship between Louis and Jeffery upon which an imputation of contributory negligence might be premised. *See Leuck* v. *Goetz* (1972), 151 Ind. App. 528, 280 N.E.2d 847. Furthermore, there are no facts of record which would permit the court to find that Louis himself was contributorily negligent in entrusting operation of the vehicle to Jeffery. *See Smith* v. *Thomas* (1955), 126 Ind. App. 59, 130 N.E.2d 85.

The judgment against Louis upon his complaint is hereby reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Buchanan, P.J., and White, J., concur.

NOTE.—Reported at 342 N.E.2d 665.