Kenneth E. OTTO, Plaintiff
and Appellant,

v.

Cynthia LEANY, Reed J. Leany and
Mary J. Leany, Defendants and
Respondents.

No. 17123.

Supreme Court of Utah.

July 22, 1981.

Julian D. Jensen, Salt Lake City, for plaintiff and appellant.

Robert L. Stevens, Salt Lake City, for defendants and respondents.

HYDE, District Judge:

Plaintiff Kenneth E. Otto brought an action against the defendant Cynthia Leany, a minor driver, for personal injuries arising out of a motorcycle-vehicle collision. Defendants Reed J. Leany and Mary J. Leany were joined as co-defendants pursuant to the provisions of U.C.A., 1953, 41–2–10(2) and 41–2–22. Defendants Reed J. Leany and Mary J. Leany counterclaimed against the above plaintiff for property damages to their vehicle arising out of the same collision. The vehicle damages were stipulated to be in the amount of $900.

The jury assessed the percentage of negligence to be 65 percent on the part of Cynthia Leany and 35 percent on the part of Otto. No negligence was found on the part of the defendants Reed J. Leany and Mary J. Leany. The plaintiff was granted judgment of 65 percent of his damages as assessed by the jury. The trial judge ruled in regard to the defendants' counterclaim

for their property damages that the negligence of Cynthia Leany was not imputed, and the defendants were awarded judgment against the plaintiff for the total amount of the property damage of $900. The plaintiff seeks a reversal of the judgment entered against him on the counterclaim of Reed and Mary Leany.

There is no contention of agency on the part of Cynthia Leany. The reversal is sought on the basis that the statutory sections above cited should be construed to impute the negligence of Cynthia Leany "both ways," and as Cynthia Leany was 65 percent negligent, her parents should be barred from recovery.

U.C.A., 1953, 41–2–10(2) and 41–2–22, as amended, provide as follows:

> (2) Any negligence or willful misconduct of a minor under the age of eighteen years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct (except as otherwise provided in the next succeeding subsection).

> \* \* \* \* \* \*

> Every owner of a motor vehicle causing or knowingly permitting a minor under the age of eighteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle.

In the case of *Phillips v. Tooele City Corporation*, 28 Utah 2d 223, 500 P.2d 669 (1972), this Court ruled that the statutes in question do not serve to impute contributory negligence of a minor to the owner of an automobile. In analyzing the wording of the two statutes in question, it was determined in the *Phillips* case that the intent behind each statute was to provide a responsible party whom innocent third parties could look to when they were injured through the negligence of minors. The Court found no legislative intent to provide third parties with a statutory shield against actions brought by automobile owners for damage to their vehicles.

The plaintiff seeks to distinguish the *Phillips* case as it was decided prior to comparative negligence. As such, he argues, when the *Phillips* case was decided the Court had no way of assessing the degree of negligence which could be imputed. However, under comparative negligence, the Court is provided with a clear and concise method for assessing the imputed negligence.

The problem with the plaintiff's argument is that he is comparing the wrong persons. The comparison between plaintiff and Cynthia is 35 percent plaintiff, 65 percent Cynthia. However, the comparison between plaintiff and Reed and Mary Leany is plaintiff, 100 percent, and Reed and Mary, 0 percent.

The comparative negligence statutes do not change the rule that the negligence of a bailee in handling the bailed property is not imputed to the bailor. *Glenn v. Gibbons & Reed Co.*, 1 Utah 2d 308, 265 P.2d 1013 (1954). The two statutes in question provide protection in a limited area where minors are concerned. They do not change the rule of bailment. Plaintiff's argument would change the rule only in the limited area of minors, and leave a different rule where the bailee has reached majority. There is nothing in the comparative negligence statutes that would warrant this construction. The adoption of comparative negligence does not overrule the reasoning of the *Phillips* case.

The judgment of the district court is affirmed. Costs to defendants.

HOWE and OAKS, JJ., concur.

STEWART, J., concurs in the result.

HALL, C. J., having disqualified himself, does not participate herein; HYDE, District Judge, sat.

MAUGHAN, J., heard the arguments, but died before the opinion was filed.