■ FRANCIS C. SULLIVAN, Individually and as Parent and Guardian ad Litem of KELLY CALANDRO, Appellant, v PETER BREESE, Doing Business as RELIABLE AUTO BODY AND TOWING SERVICE, et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), entered March 13, 1989, as denied that branch of his motion which was to strike the third affirmative defense in the amended answer of the defendant Joseph Moye.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this case, the plaintiff seeks to recover damages resulting from an accident during which his daughter, Kelly Calandro, was allegedly injured while riding in a tow truck owned by the defendant E.F. Hutton Credit Corp. and leased by the defendants Polizzi Towing Corporation, Peter Breese, doing business as Reliable Auto Body and Towing Service, and Breese Reliable Auto Body and Towing, Inc., doing business as Reliable Auto Body. The defendant Joseph Moye, who was also in the truck at the time of the accident, interposed, as a third affirmative defense in his amended answer, a claim that he "specifically denie[d] operation and control of the vehicle in question at the time of the accident and ha[d] no recollection of the events of the accident".

The plaintiff sought to strike that affirmative defense on the ground that Moye was collaterally estopped from contesting his operation and control of the truck. It was specifically argued that Moye's conviction for the crime of leaving the

scene of an incident without reporting (Vehicle and Traffic Law § 600 [2]) constituted conclusive proof of the fact that he was driving the truck at the time of the accident, since the statutory reporting requirement applies only to the person operating the vehicle at the time of the accident. However, we agree with the Supreme Court that under the unique circumstances of this case, Moye should not be precluded from contesting whether he was driving the truck at the time of the accident.

"The relevant principles may be quickly restated. Collateral estoppel, or issue preclusion, may be invoked in a subsequent action or proceeding to prevent a party from relitigating an issue decided against that party in a prior adjudication * * *. [However] issue preclusion is applicable only if there is 'an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and [there was] a full and fair opportunity to contest the decision now said to be controlling' *(Schwartz v Public Adm'r* [24 NY2d 65], 71).

"In addition, [it has been] consistently emphasized that these principles are not to be mechanically applied as a mere checklist. Collateral estoppel is an elastic doctrine and the enumeration of these elements is intended as a framework, rather than a substitute, for analysis. For example, the question whether a party had a full and fair opportunity to contest the prior decision is not answered simply by reference to the procedural benefits available in the first forum or by a conclusion that the requirements of due process were satisfied *(see, Gilberg v Barbieri,* 53 NY2d 285, 292). Instead, the analysis requires consideration of 'the realities of litigation', such as recognition that if the first proceeding involved trivial stakes, it may not have been litigated vigorously *(see, id.,* at 292-293; *Schwartz v Public Adm'r, supra,* at 72).

"In the end, the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings *(see, Gilberg v Barbieri, supra,* at 291-292; *People v Berkowitz,* 50 NY2d 333, 344; *Matter of Venes v Community School Bd.,* 43 NY2d 520, 524)" *(Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147, 152-153).

As noted by the Supreme Court herein, "the realities" of

the criminal litigation against Moye indicate that he pleaded guilty in return for a promise that he would not be sentenced to a period of incarceration. This had the "practical effect of discouraging or deterring [him] from fully litigating" the issues involved in the criminal proceeding, which included who was driving the truck at the time of the accident *(People v Plevy,* 52 NY2d 58, 65; *Rice v Massalone,* 160 AD2d 861; *Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, 512 [Gibbons, J., dissenting]). We note that the defendant Moye has consistently claimed from the date of the accident that both he and the infant plaintiff, Kelly Calandro, drove the truck at different times during the evening in question. The defendant has also consistently maintained in both the criminal proceeding and this civil action that he is unable to remember anything concerning the time period just prior to the accident and the accident itself.

Moreover, application of the doctrine of collateral estoppel would not conserve the resources of the court and the litigants, nor serve societal interests in consistent and accurate results, in light of the fact that the other defendants may not be collaterally estopped from litigating the issue of who was driving the truck at the time of the accident *(see, Molino v County of Putnam,* 29 NY2d 44; *Weiner v Greyhound Bus Lines,* 55 AD2d 189, 192-193; *Brereton v McEvoy,* 44 AD2d 594, 596).

Therefore, in this multi-million-dollar civil suit, where collateral estoppel is sought to be used offensively by a nonparty to the criminal litigation, we find that it would be unfair to preclude Moye from litigating the issue of who was driving the truck at the time of the accident *(see, Gilberg v Barbieri,* 53 NY2d 285, *supra; Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, *supra; cf., Merchants Mut. Ins. Co. v Arzillo,* 98 AD2d 495, *supra; Matter of Cumberland Pharmacy v Blum,* 69 AD2d 903). Lawrence, J. P., Eiber, Harwood and Miller, JJ., concur.