■ THERESE FANELLI, Appellant, v SIEUR L. DILORENZO, Defendant, and HOLIDAY INNS, INC., Respondent. (Appeal No. 1.)—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: On June 25, 1985, the crew of an Empire Airlines flight had a one-night layover in Rochester. The crew, which included plaintiff, a junior flight attendant, and defendant diLorenzo, the crew's captain, were put up in the Genesee Plaza hotel operated by defendant Holiday Inns, Inc. (Holiday Inns). Plaintiff and diLorenzo were assigned adjoining rooms with connecting doors. Following a series of incidents, which included his scaling plaintiff's ninth floor balcony, it is alleged that diLorenzo burst into plaintiff's room through the locked connecting door and began to beat her. diLorenzo had spent some time drinking in the hotel lounge prior to the incident.

Plaintiff's complaint alleges, *inter alia,* an intentional tort cause of action against diLorenzo for battery and causes of action against Holiday Inns which sound in negligence and Dram Shop liability. At trial, the jury returned a verdict of no cause of action on plaintiff's battery cause of action. As a result of their disposition of that claim, the jury was instructed by the court not to consider plaintiff's causes of action against Holiday Inns. On appeal, plaintiff contends that the format of the verdict sheet was erroneous and that certain

evidentiary errors committed by Supreme Court warrant reversal. We agree.

At trial, plaintiff testified that diLorenzo was drunk when he burst into her room. diLorenzo was permitted to offer testimony that he was typically non-violent and mellow when intoxicated. Evidence of character is not admissible in a civil case to raise the inference that a party acted in conformity therewith on the date in question (see, Richardson, Evidence § 158 [Prince 10th ed]). Because proof of diLorenzo's character was not necessary to establish his defense to plaintiff's cause of action, it was error to admit the testimony (cf., Georges v American Export Lines, 77 AD2d 26, 32). The court also erred in its refusal to permit plaintiff to offer the deposition testimony of Angelo Funicello and Mark Freese as rebuttal evidence. Plaintiff's case essentially presented a question of credibility for the jury to resolve. Because the erroneously admitted character evidence and the lack of rebuttal evidence might have persuaded the jury to resolve that issue in favor of diLorenzo, we cannot conclude that the error was harmless. Thus, we reverse the judgment dismissing plaintiff's battery cause of action against diLorenzo.

Because we remit the matter to Supreme Court for a new trial, we comment on certain other evidentiary issues raised on this appeal. The letter of September 3, 1987 written by Dr. John Fanelli, plaintiff's father, to Dr. John Wadsworth, a psychiatrist who was treating plaintiff for the emotional problems associated with this incident, was properly admitted as a business record of Dr. Fanelli (see, CPLR 4518 [a]; Wilson v Bodian, 130 AD2d 221, 231). Dr. Fanelli treated his daughter for the injuries she allegedly sustained in the incident. Plaintiff was referred to Dr. Wadsworth by her father. Dr. Fanelli admits having written the letter to aid Dr. Wadsworth in his diagnosis and treatment of plaintiff. Because the incidents related in the letter were germane to diagnosis and treatment, there is no basis to exclude or redact them (see, People v Becraft, 177 AD2d 945, lv denied 79 NY2d 853).

It was proper to prohibit plaintiff and Phil Zimotel, a co-employee, from testifying concerning reports of the incident made by Toby Adams, another co-employee. That testimony would clearly have constituted improper bolstering (see, Richardson, Evidence §§ 292, 519, op. cit.; see also, People v Harrison, 176 AD2d 1199, lv denied 79 NY2d 827). The record does not support plaintiff's contention that the testimony was otherwise admissible to rebut the implication that Ms. Adams' testimony was a recent fabrication.

The court properly refused to permit plaintiff to use Zimotel's prior sworn statement on redirect examination. That statement was inadmissible because it was not offered to impeach the witness but as evidence of a prior consistent statement (see, CPLR 4514; Richardson, Evidence § 519 [Prince 10th ed]). Because of the lack of sufficient similarity of conditions, the court did not abuse its discretion by striking the testimony of Jay Frey concerning the test he performed on the connecting door (see, Goldner v Kemper Ins. Co., 152 AD2d 936, 937, lv denied 75 NY2d 704).

Supreme Court properly refused to give collateral estoppel effect to diLorenzo's plea of guilty to one count of reckless assault in the third degree (see, Penal Law § 120.00 [2]) stemming from this incident. Plaintiff essentially sought to preclude diLorenzo from relitigating the issue that his conduct caused her "physical injury" (see, Penal Law § 10.00 [9]). Based upon the nature of diLorenzo's plea bargain, we conclude that he did not have a full and fair opportunity to litigate the issue in the criminal proceedings (see, Sullivan v Breese, 160 AD2d 997, 999; cf., Pirodsky v Pirodsky, 179 AD2d 1066; Kramer v Griffin, 156 AD2d 973).

The format of the verdict sheet provided by the court instructed the jury to consider first diLorenzo's liability. In the event it determined plaintiff had failed to prove her battery cause of action against diLorenzo, the verdict sheet instructed the jury not to consider the claims made by plaintiff against Holiday Inns. That was error. Although those causes of action are dependent upon a finding that plaintiff had been injured as a result of some unlawful or offensive conduct committed on plaintiff's person by diLorenzo on the evening of June 25, 1985, whether diLorenzo intended the results of his acts is not dispositive of Holiday Inns' liability. If Holiday Inns breached a duty of care owed to plaintiff or violated the Dram Shop Act as a result of its sale of intoxicating beverages to diLorenzo, it would be liable to plaintiff even if diLorenzo acted without the requisite intent to constitute a battery.

The court's charge on the law of battery was adequate and conveyed the proper standard to the jury. Because plaintiff withdrew her cause of action against diLorenzo for intentional infliction of emotional distress, we do not address any claimed error regarding that cause of action. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Assault.) Present—Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.