■ CAROL PALACIO, an Infant, by Her Father and Natural Guardian, FERNANDO PALACIO Respondent, v DAVID J. WEISSBERG et al., Appellants. (Action No. 1.) CAROL PALACIO, an Infant, by her Father and Natural Guardian, FERNANDO PALACIO, Respondent v DAVID J. WEISSBERG et al., Appellants, (Action No. 2.) [664 NYS2d 814] —In consolidated actions to recover

damages for medical malpractice, the defendants David J. Weissberg, M.D., Huntington Medical Group, P. C., Thaddeus Spak, M.D., and Peter Januzzi, M.D., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), entered October 4, 1996, as denied their motion for summary judgment, and the defendant Huntington Hospital Association separately appeals, as limited by its brief, from so much of the same order as denied its motion for leave to amend its answer and for summary judgment.

Ordered that the order is affirmed, with one bill of costs, payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly denied summary judgment to the defendants. Although a determination against a defendant in an action to recover fees for the rendering of professional services precludes the commencement of a malpractice action by that defendant with regard to the same services (*see, Pirog v Ingber,* 203 AD2d 348), the Supreme Court properly found that the infant plaintiff here was not in privity with her father and guardian, the defendant in the prior fee action, so as to preclude the commencement of her instant medical malpractice action (*cf., Weiner v Greyhound Bus Lines,* 55 AD2d 189). Under these circumstances, the application by the defendant Huntington Hospital Association to amend its answer was properly denied. Sullivan, J. P., Friedmann, Florio and McGinity, JJ., concur.