DIAZ, J.,
dissenting:
¶ 15. It is with respect for the majority’s views that I nonetheless dissent. Dr. Lindsey’s letter was admissible under M.R.E. 803(6) which excepts a record of a regularly conducted activity from the operation of the rule against hearsay. Moreover, it is unfair to prevent Ireland from introducing the letter into evidence because she suffered the misfortune of having its author die prior to trial. I would affirm.
¶ 16. As the majority notes, a record of expert medical opinions, even those prepared in anticipation of litigation, may be properly admitted into evidence so long as the record is prepared by a person who has first-hand knowledge of the subject matter and is acting in the regular scope of his business. Joseph M. McClaughlin, ed., Weinstein’s federal Evidence § 803.11[7][a] (2d. ed.1999). Furthermore, the official comment to M.R.E. 803(6) provides that the rule “specifically includes diagnoses and opinions as proper subjects of admissible entries.... ”
¶ 17. It is undisputed that Dr. Lindsey had first-hand knowledge of the contents of the letter, as he was Ireland’s treating physician. Moreover, he was acting in the course and scope of his business as a physician in preparing a letter discussing the diagnosis and treatment of his patient. This kind of correspondence may be regularly kept in the course of a physician’s business. Higgins v. Martin Marietta Corp., 752 F.2d 492, 497 (10th Cir.1985).
¶ 18. Other jurisdictions have found that a physician’s letter falls within the ambit of Rule 803(6). Higgins, 752 F.2d at 497. In Higgins, the plaintiffs sued both the United States and the manufacturer of a missile seeking damages for exposure to toxic gas which escaped into the air at a missile silo near their home. Id. at 494. During cross-examination of one of the plaintiffs, a letter written by his treating physician was read into evidence. The letter questioned that the toxic gas caused the injuries and rather might have been caused by aspiration of a piece of popcorn causing infection. Id. at 497. The plaintiff objected, contending the letter constituted inadmissible hearsay. The court overruled the objection, finding that the letter was admissible under Rule 803(6). Id. Other jurisdictions have reached similar results. Pineau v. Home Depot, Inc., 45 Conn.App. 248, 695 A.2d 14, 17 (1997) (holding letter from specialist to treating physician fell within business entry exception to the hearsay rule); Fanelli v. di Lorenzo, 187 A.D.2d 1004, 591 N.Y.S.2d 658 (1992) (holding letter from plaintiffs father, a physician, to plaintiffs psychiatrist describing her emotional problems was properly admitted as a business record).
¶ 19. Finally, we note that Gilbert’s attorney was furnished with a copy of the letter prior to trial and was allowed to procure an expert witness to refute the opinion of Dr. Lindsey. This is not a case of trial by surprise or ambush. Had Dr Lindsey lived to testify at trial, he would have testified as to his diagnosis and treatment of Ireland, the very information contained in the letter. Moreover, a letter prepared by Ireland’s psychiatrist, Dr. Rodrigo Galvez, was introduced into evidence with no objection. Presumably, the only difference between this letter and that of Dr. Lindsey is that its author was alive ai the time of trial. It is unfair to punish Ireland simply because she had the misfortune of having her physician die prior to trial.
¶ 20. Rule 803(6) favors the admission of evidence rather than its exclusion if it has any probative value at all. Michael H. GRAham, Federal Praotioe And Pkocedure § 6757 (1992). In his letter, Dr. Lindsey described his treatment of Ireland and assigned to her a 7% permanent disability as *1056 a result of the accident. The evidence in this case was probative of Ireland’s treatment and particularly Dr. Lindsey’s final diagnosis. I would affirm the judgment of the trial court.
BRIDGES, IRVING, AND LEE, JJ., JOIN THIS SEPARATE OPINION.