■ RENEE BLANCHARD, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, et al., Defendant. [751 NYS2d 909] —Appeal from a judgment (denominated order) of Supreme Court, Erie County (Notaro, J.), entered April 25, 2002, which, inter alia, granted the cross motion of plaintiff to the extent of declaring that defendant New York Central Mutual Fire Insurance Company is obligated to defend her in the underlying action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of defendant New York Central Mutual Insurance Company (New York Central) seeking summary judgment declaring that it has no obligation to defend or indemnify plaintiff in the underlying action and granted the cross motion of plaintiff to the extent of declaring that New York Central is obligated to defend her in the underlying action. Contrary to New York Central's contention, plaintiff's delay in giving notice of the incident did not vitiate the insurance policy issued by New York Central to plaintiff (*see Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033, 1033-1034). We have examined New York Central's remaining contention and conclude that it lacks merit (*see Gilberg v Barbieri*, 53 NY2d 285, 293-294; *Sullivan v Breese*, 160 AD2d 997,

998-999; *cf. Grayes v DiStasio*, 166 AD2d 261, 262-263). Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.