McCants et al., Appellants, *v.* Chenault, Appellee.

(No. 7948—Decided December 20, 1954.)

*Messrs. McCaslin, Imbus & McCaslin* and *Mr. Wm. J. Keating,* for appellants.

*Mr. Myron Bush,* for appellee.

*Per Curiam.* Plaintiff McCants, appellant herein, sought to recover for property damages to his automobile, which, while being operated by his minor son, came into collision with an automobile owned and operated by the defendant. Both drivers were guilty of negligence proximately causing the collision.

Plaintiff joined in the application for a driver's license for his minor son, so that Section 4507.07, Revised Code, applies to him. Section 4507.07, Revised Code, reads in part:

"Any negligence or willful misconduct of a minor under eighteen when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any

damages caused by such negligence or willful misconduct.''

That section then provides for release of the parent from the imputation of negligence if the minor proves financial responsibility as required by the law.

Plaintiff's contention is that the sole purpose of the statute is to fix financial responsibility for the minor's torts and nothing more, and that, since the record shows the minor was on business of his own and not on any errand for the plaintiff, the relationship of bailor-bailee existed, so that under the settled law the negligence of the bailee could not be imputed to the bailor. With that contention this court cannot agree. The statute says any negligence of the minor shall be imputed to the person signing the application and does not limit that statement, although specifically providing for joint and several liability. We believe the Legislature intended joint and several liability in all its implications not only in money damages to an injured third party, but that, having placed a potentially dangerous instrumentality in the hands of a minor, the person responsible therefor should stand in exactly the same position as the minor and be clothed with the imputation of negligence for all purposes. To permit recovery for plaintiff would be tantamount to compensating plaintiff for damages proximately caused by his own negligence, and that is incompatible with any conception of substantial justice.

The judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.