HARTOUGH, APPELLANT, *v.* BRINT, APPELLEE.

(No. 4883—Decided December 12, 1955.)

*Mr. Richard H. Conn,* for appellant.
*Mr. Wilbur C. Jacobs,* for appellee.

FESS, J. This is an appeal on questions of law from a judg-
ment of the Municipal Court of Toledo, Ohio.

Plaintiff filed his petition against defendant to recover
damages resulting to an automobile owned by plaintiff as a re-
sult of a collision with defendant's automobile. The petition
alleged that plaintiff's automobile was being driven by his son.
In his answer, defendant admitted that at the time and place

plaintiff's automobile was being operated by plaintiff's son and that the collision occurred, and denied the remaining allegations of the petition. By way of affirmative defense, defendant alleged:

"Defendant says that Walter B. Hartough signed the application for driver's license of J. N. Hartough, a minor then seventeen, and is therefore jointly liable for any negligence on the part of J. N. Hartough, and that said J. N. Hartough was guilty of negligence which caused or contributed to cause said collision."

Plaintiff's demurrer to this defense was overruled and upon plaintiff's election not to plead further, the petition was dismissed. Determination of this appeal involves the sole question of the proper interpretation of Section 4507.07, Revised Code, which provides as follows:

"The registrar of motor vehicles shall not grant the application of any minor under eighteen for an operator's or chauffeur's license unless such application is signed by one of his parents, his guardian, or other person having custody of the applicant, or, in the event that there is no parent or guardian, then by a responsible person who is willing to assume the obligation imposed under this section.

"Any negligence or willful misconduct of a minor under eighteen when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct.

"If a minor deposits, or there is deposited upon his behalf, proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if he is not the owner of a motor vehicle, then with respect to his operation of any motor vehicle, in the form and in the amounts as required under Sections 4509.01 to 4509.78, inclusive, of the Revised Code, then the registrar may accept the application of such minor when signed by a parent, guardian, or other responsible person, and while such proof is maintained, such parent, guardian, or other responsible person is not subject to the liability imposed under the second paragraph of this section.

"Any person who has signed the application of a minor for a license may thereafter surrender to the registrar the license or temporary instruction permit of such minor and request that the same be cancelled. Thereupon the registrar shall cancel such license or temporary permit, and the person who signed the application of such minor shall be relieved from liability imposed by this section.

"When a person under eighteen holds a chauffeur's license and is operating a motor vehicle as a chauffeur, the person who has signed his application is relieved of the liability imposed by this section, but this section does not relieve the employer of a chauffeur under eighteen of the liability that arises out of such employment."

In the absence of the statute, since an automobile is not per se a dangerous instrumentality (*Elliott* v. *Harding,* 107 Ohio St., 501, 140 N. E., 338, 36 A. L. R., 1128; 6 Ohio Jurisprudence (2d), 415, Section 204), the entrustment of an automobile by its owner to a person who does not have a driver's license does not of itself constitute negligence as a matter of law. *Mt. Nebo Baptist Church* v. *Cleveland Crafts Co.,* 154 Ohio St., 185, 93 N. E. (2d), 668. In Ohio, the so-called family purpose doctrine is not accepted. The Supreme Court has held that where the owner of an automobile permits his wife or other members of his family, presumably qualified drivers, to use his automobile, there is no liability on his part for its negligent operation unless evidence is produced showing a principal-agent or master-servant relation between the absent owner and the driver at the time of the injury. *Elms* v. *Flick* (1919), 100 Ohio St., 186, 126 N. E., 66; *Bretzfelder* v. *Demaree* (1921), 102 Ohio St., 105, 130 N. E., 505; *Elliott* v. *Harding, supra.*

The mere fact of relationship as father and son does not give rise to liability of the former for the negligent acts of the latter in operating a motor vehicle. *Elms* v. *Flick, supra.* In *Elliott* v. *Harding, supra,* the Supreme Court recognized the principle announced in *Elms* v. *Flick, supra,* but held that where a father entrusts his automobile to his 14-year old son, unaccustomed to its use, for purposes wholly apart from any business or enterprise of the father, the question of competency is one for the jury under proper instructions.

Prior to 1935, the motor vehicle act simply provided that no chauffeur's certificate of registration, as a chauffeur, should be issued to any person under 16 years of age. Section 6302, General Code. The Ohio driver's financial responsibility act was first enacted in 1935 (116 Ohio Laws, pt. 1, 218 et seq). Its declared purpose was to promote safe driving and remove the irresponsible driver from the highways. The Ohio Driver's License Law was effective on October 1, 1936 (116 Ohio Laws, pt. 2, 33 et seq). The act provided that no chauffeur's license should be issued to any person under the age of 18 years. (Section 6296-7, General Code.) It also provided that the registrar should not grant the application of any minor for an operator's license unless such application is signed by the father, etc., of the applicant (Section 6296-10, General Code), but no provision was made imposing responsibility upon such parent. In 1941 (119 Ohio Laws, 702), Section 6296-7, General Code, was amended to provide that no chauffeur's license should be issued to any person under 18 years of age and no operator's license should be issued to any person under the age of 16 years, except that the registrar might issue a restricted license to any person who is 14 or 15 years of age. Section 6296-10, General Code, was also amended into substantially its present phraseology, except the second paragraph referred to negligence or misconduct of a minor of the age of 18 years or under. (119 Ohio Laws, 703.) In 1943, the age was reduced to "under 18 years of age." (120 Ohio Laws, 291.)

It is to be noted that the primary purpose of the second paragraph of Section 4507.07, Revised Code (Section 6296-10, General Code), is to impose liability upon the parent or other person signing the minor's application for a license, for any damages caused by negligence or willful misconduct of such minor while driving a motor vehicle, whether it be owned by the person signing the application or another. For example, if the minor were driving a stranger's car, his negligence causing damage would be imputed to the person signing his application, but not to the owner of the vehicle. As to the owner of a vehicle driven by a minor whose application has not been signed by such owner, the minor's contributory negligence would not be imputed to such owner, but the person signing the minor's

application for a license would be liable for any negligence of the minor causing damage, both to such owner, as well as the owner of the other vehicle which might have been damaged as a result of the negligence of such minor.

The third paragraph of Section 4507.07, Revised Code, has some significance in that it provides that if the minor deposits, or there is deposited on his behalf, proof of financial responsibility pursuant to the provisions of the financial responsibility act, the person signing the application is not subject to the liability imposed under the second paragraph. The fifth paragraph of the section provides that a person signing the application for a chauffeur's license by a minor shall be relieved from the liability imposed under the section, but is not relieved from liability arising out of the employment of such minor chauffeur.

In view of the intent and purpose of the legislation to impose liability upon the irresponsible operator of a motor vehicle for the benefit of those who may have suffered injury or damages as a result of negligence of such operator, it may be contended that, under the language employed in the second paragraph, there was no intent on the part of the General Assembly to impute contributory negligence to the parent or other person signing the minor's application for a driver's license.

It must be observed, however, that in order to carry out the apparent intention to protect the traveling public the General Assembly could have said:

"Any person who has signed the application of a minor for an operator's license shall be jointly and severally liable with such minor for any damages caused by negligence or willful misconduct of such minor in driving a motor vehicle upon a highway."

We are therefore required to recognize that there was some reason for providing at the outset that any negligence or willful misconduct of such minor shall be imputed to the person, etc.

Moreover, in determining this question, we are bound by a familiar principle of law that in the construction of a legislative enactment, the question is not what did the General Assembly intend to enact, but what is the meaning of that which it did enact. *Slingluff* v. *Weaver*, 66 Ohio St., 621, 64 N. E., 574; *State* v. *Stevens*, 161 Ohio St., 432, 119 N. E. (2d), 616.

In determining this question, we are not permitted to assume that the General Assembly had any purpose in enacting Section 4507.07, Revised Code, other than in the language of the enactment. The second paragraph of the section refers to "any negligence," which includes contributory negligence. We are therefore in agreement with the Court of Appeals for Hamilton County that the statute clothes the person signing the application of the minor with the imputation of negligence for all purposes. *McCants* v. *Chenault,* 98 Ohio App., 529, 130 N. E. (2d), 382. The judgment of the Municipal Court must therefore be affirmed. Judgment affirmed and cause remanded to the municipal court for execution of costs.

*Judgment affirmed.*

DEEDS, J., concurs.
CONN, J., not participating.