Betty H. GARRISON *v.* Nancy FUNDERBURK

77-158                                      561 S.W. 2d 73

Opinion delivered January 30, 1978
(Division I)

*Robert D. Stroud,* of *Murphy, Blair, Post & Stroud,* for appellant.

*Highsmith, Tatum, Highsmith, Gregg & Hart,* by: *John C. Gregg,* for appellee.

GEORGE HOWARD, JR., Justice. We are to determine if the trial court committed reversible error in holding, as a matter of law, that the comparative negligence of a minor in possession of his mother's automobile is not imputed under Ark. Stat. Ann. § 75-315 to his mother in her counterclaim for damages.

## THE FACTS

It is admitted by the parties in this action that the facts are not in issue and that the only question presented for resolution arises out of the construction to be given Ark. Stat. Ann. § 75-315. However, the essential facts are that appellant, Betty H. Garrison, was involved in an automobile accident on June 17, 1976, with a vehicle owned by appellee, Nancy Funderburk, and driven by her minor son, Jeff Funderburk.

The case was tried to a jury. The jury found appellant 28% at fault and Jeff Funderburk 72% at fault.

It was stipulated between the parties that appellee's damages to her vehicle amounted to $1,009.00. The trial court held that Ark. Stat. Ann. § 75-315 did not impute the comparative negligence of Jeff Funderburk to his mother and,

accordingly, rendered judgment on appellee's counterclaim against appellant in the sum of $1,009.00.

## CONTENTIONS OF THE PARTIES

1. Appellant stresses rather vigorously that Ark. Stat. Ann. § 75-315, in imputing negligence of a minor driver to a parent makes no distinction between comparative negligence and negligence per se for purposes of liability and, consequently, the trial court erred in holding otherwise.

2. The appellee argues persistently that Ark. Stat. Ann. § 75-315 imputes negligence and, therefore, a parent is jointly and severally liable for his minor child's negligence. But, on the other hand, the statute does not 'impute contributory negligence' "so as to preclude a non-negligent party from recovering damages to their (sic) property from a party who was negligent."

Appellee argues further that there is a distinction between imputed negligence and imputed "contributory negligence" in that the former is to broaden liability, while the latter is to narrow it. Consequently, argues appellee, the legislative policy to broaden liability for the protection of an injured plaintiff gives no sanction to the doctrine of imputed contributory negligence which narrows the liability of a negligent defendant to a plaintiff, who is innocent of actual negligence.

## THE DECISION

Ark. Stat. Ann. § 75-315 provides in material part as follows:

"(a) The original application of any person under the age of eighteen (18) years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and the mother of applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no

guardian or employer then by other responsible person who is willing to assume the obligations imposed under this act . . .

"(b) Any negligence or wilful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct.

"(c) If any person who is required or authorized by Subsection (a) of this Section to sign the application of a minor in the manner therein provided, shall cause or knowingly cause or permit his child or ward or employee under the age of eighteen (18) years to drive a motor vehicle upon any highway, then any negligence or wilful misconduct of said minor shall be imputed to such person or persons and such person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful miscon- duct. The provisions of this Subsection shall apply regardless of the fact that a drivers license may or may not have been issued to said minor. For the purposes of this act, a minor is hereby defined to be any person who has not attained the age of eighteen (18) years.

"(d) The provisions of this Section shall apply in all civil actions, including but not limited to both actions on behalf of and actions against the person or persons re- quired or authorized by Subsection (a) of this Section to sign the application in the manner therein provided."

An adult's liability for the damage caused by a minor's negligence or wilful misconduct while driving a motor vehicle upon a highway was first dealt with by the Arkansas Legislature in 1937 when Act No. 280, Section 13 was enacted. This Act provided essentially that a parent or other person willing to assume liability, who signed the minor's application for a driver's license was jointly and severally responsible with such minor for any damages caused by such negligence or wilful misconduct. The weakness in this statute

was demonstrated in *Richardson v. Donaldson,* 220 Ark. 173 (1952), when this Court refused to hold liable a parent who had failed to sign his daughter's application for her driver's license. We emphasized that the negligence of the daughter could not be imputed since the statute imputed negligence to the person who signed the application.

In 1955, the Arkansas General Assembly sought to remedy the problem as revealed by this Court in *Richardson* by enacting Act 278, Section 2.[1] This Act provided that responsible adults were jointly and severally liable for the damages caused by the minor regardless of whether or not the application had been signed if the adult permitted the operation of the motor vehicle by the minor.

In 1961, the Arkansas Legislature enacted Act No. 495, which amended the Act of 1937 and deleted that part of Act 278 of 1955, which specified that the statute applied even if the application is unsigned by an adult and added that the statute applied regardless of whether a driver's license was ever issued to the minor; that the responsible adult was liable jointly and severally, if he permitted the minor to drive, for damages due to any negligence or wilful misconduct on the part of the minor and that such negligence and wilful misconduct is imputed to the responsible adult. The statute also specified that the Act applied to all civil actions both on behalf of and against the responsible adult.

In 1969, the Arkansas General Assembly enacted Act No. 302, now Ark. Stat. § 75-315, retaining the provisions in Act 495 of 1961 and made a few minor changes not relevant to the issue in this case, i.e., deleting the requirement of verification of application for license or instruction permit.

---

[1]Section 4 of Act 278, provides in part as follows:

"It is hereby determined that the present laws pertaining to the responsibility of parents for minors under the age of 18 who drive automobiles is inadequately defined and would permit a parent who violates the law by failing to sign his child's drivers license application to thus escape liability for such child's acts while driving; and thus immediate passage of this Act is necessary to remedy such situation; .
"

In some jurisdictions, the contributory negligence of a minor while operating a motor vehicle is imputed to the person who signed the application of the minor for a driver's license or authorized the use of the vehicle, in an action by such person against a third person under statutes similar to Ark. Stat. § 75-315. *See: Milgate* v. *Wraith,* 121 P. 2d 10; *McCants, et al* v. *Chenault,* 130 N.E. 2d 382. On the other hand, similar statutes have been interpreted as giving an injured person an additional source of recovery of damages realized, and do not impute, in an action against a third person, the contributory negligence of the minor. *See: Christensen* v. *Hennepin Transp. Co. Inc.,* 215 Minn. 394, 10 N.W. 2d 406; *Continental Auto Lease Corp.* v. *Campbell, et al,* 227 N.E. 2d 28; *Sizemore* v. *Bailey's Adm'r,* 293 S.W. 2d 165 (Ky. 1956).

We are persuaded, however, from a review of the Arkansas Legislature's efforts to establish the liability of an adult for damage caused by a minor's negligence or wilful misconduct while driving a motor vehicle upon a highway, that the legislative intent, as manifested in Ark. Stat. § 75-315, is to impute the negligence of a minor whether such negligence is characterized as negligence, contributory negligence or comparative negligence. This conclusion is inescapable from the plain meaning of the following provisions from Subsection (d) of Ark. Stat. § 75-315:

> "(d) *The provisions of this Section shall apply in all civil actions, including but not limited to both actions on behalf of and actions against the person or persons required or authorized by Subsection (a) of this Section to sign the application in the matter therein provided.*" (Emphasis supplied)

Moreover, the conclusion that we reach is not only logical, but is an equitable approach to the problem that the Arkansas Legislature endeavored to deal and come to grips with. To hold otherwise would, in effect, sanction an adult's action of placing a potentially dangerous instrumentality in the hands of a minor and permitting the adult to recover damages proximately caused by his own negligence while permitting the adult to escape the consequences of the negligence or wilful misconduct of the minor. Such a posture is incompatible with our concept of justice. Hence, we conclude the responsible adult stands in exactly the same posture

as the minor and is clothed with the imputation of negligence for all purposes.

It may be interesting to note that the cases relied upon and cited by the appellee appear to be from states that adhere to the contributory negligence doctrine. Of course, Arkansas discarded the contributory negligence doctrine, which was a complete bar to any recovery, and adopted the comparative negligence provision in 1955. Moreover, the New York citation is not persuasive inasmuch as it appears that New York has held in some instances, that contributory negligence is imputed and in other instances it is not imputed.

In addition, a casual review of Kentucky's statutory provision dealing with a minor's negligence imputed to an adult will reveal that it is not identical to Ark. Stat. Ann. § 75-315. The Kentucky statute does not provide that the statutory provisions shall apply in "all civil actions" on behalf of and against the person required to sign the application for driver's license, or who permits a minor to operate a motor vehicle upon a highway. *See:* Kentucky Revised Statutes, Section 186.590.

Reversed and dismissed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.