**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Douglas Wayne ZUEGER, Defendant and Appellant.**

Cr. No. 900081.

Supreme Court of North Dakota.

July 31, 1990.

Rodney Allen Danielson, Mandan, for defendant and appellant.

Patricia L. Burke, State's Atty., Bismarck, for plaintiff and appellee.

LEVINE, Justice.

Douglas Zueger appeals from a judgment of conviction of gross sexual imposition, a class A felony. Zueger argues that it was error for the presiding district court judge to deny his demand for a change of judge. We affirm.

Section 29–15–21, NDCC, governs a demand for change of judge. At issue here is subsection (4) of that section which precludes a change, if the judge sought to be disqualified has "ruled upon any matter pertaining to the action or proceeding in which the moving party was heard or had an opportunity to be heard." NDCC § 29–15–21(4).

Counsel for Zueger was notified January 11, 1990 that William F. Hodny had been assigned as trial judge. A hearing was held January 15. At the hearing, Judge Hodny addressed three issues: Zueger's motion for an expedited trial, the need for an alternate juror, and Zueger's request for review of conditions of release. The next day, Zueger filed his demand to remove Judge Hodny, certifying, as required by § 29–15–21(4), that Judge Hodny had not ruled on any matter pertaining to the action or proceeding. The demand was denied on the ground that Judge Hodny had "ruled in this proceeding."

Zueger argues that the denial of his demand for change of judge was reversible error because Judge Hodny "did not actually 'rule' as to any of the three matters addressed" at the pretrial hearing January 15, 1990. Alternatively, he argues that if Judge Hodny did rule on a matter pertaining to the proceeding, the ruling was ministerial in nature, or was on a matter so inconsequential that it should not affect his right to demand a change of judge.

Under our law, a party is entitled to a peremptory challenge of an assigned judge, without alleging bias or prejudice. The right is not unlimited, however. The party seeking to disqualify a judge must file a timely request before that judge has ruled upon any matter pertaining to the case. NDCC § 29–15–21(2), (4).

Zueger contends that Judge Hodny did not rule on the motion for expedited trial because he neither granted nor denied orally or by written order Zueger's motion. Zueger is correct that the record does not contain an order denying the motion nor does the transcript of the January 15 hearing contain a statement by Judge Hodny

specifically granting or denying Zueger's motion.

What the transcript does contain, however, is a disposition of the matter of a trial date, pursuant to Zueger's motion. "COURT: Let's take the expedited trial date. Is February 1st expedited enough? If not, I have a vacancy ... next Tuesday [January 23]." The court solicited and received agreement from both sides to the February 1 trial date. The judge then said: "The trial has already been set by the court administrator for 9:30, Thursday, February 1st."

Zueger's motion to expedite was a request to set the trial date earlier than the previously scheduled date of February 1. It cannot be seriously argued that Zueger's request went unanswered. The answer was obviously "no." We conclude, therefore, that Judge Hodny did rule on the motion for an expedited trial date.

 We also reject Zueger's argument that the ruling does not defeat his absolute right for a change of judge. The statute does not state that only a ruling on a material or discretionary matter defeats the right to demand a change of judge. Instead, the statutory language refers to ruling upon "any matter pertaining to the action or proceeding." Words in a statute are to be understood in their ordinary sense. NDCC § 1-02-02. The word "any" is a general word and may have a diversity of meanings, its meaning in any particular case depending largely on the context and subject matter of the statute or instrument in which it is used. *501 DeMers, Inc. v. Fink*, 148 N.W.2d 820, 825 (N.D.1967). However, the word "any" in statutes is generally used in the sense of "all" or "every" and its meaning is comprehensive in scope and inclusive in range. *E.g., In re Belefski's Estate*, 196 A.2d 850 (Pa.1964); 3A Words and Phrases 59-67 (1953). *Cf. Midwest Federal Sav. Bank v. Symington*, 423 N.W.2d 797 (N.D.1988) [construing the word "all"].

Zueger has presented no legislative history and we have found none that persuades us that the Legislature had in mind only a "material" matter or a "discretionary" matter when it used the words "any matter." Giving the word "any" its ordinary and comprehensive meaning, we conclude it reasonably means "all" or "every" in the context of the statute under study. Accordingly, we need not decide whether a ruling setting a trial date is a ministerial or inconsequential matter. It is enough that it is a ruling on a matter pertaining to the action or proceeding. We hold, therefore, that Zueger's demand was properly denied because it was not made before the judge sought to be disqualified ruled on a matter pertaining to the proceeding.[1]

We affirm.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.

---

**1.** Our holding makes it unnecessary to consider Zueger's other arguments.