## Alexander v. David
### [Cite as 7 AOA 1]

Case No. C-890583
Hamilton County, (1st)
Decided September 5, 1990

*John E. Rockel and Theodore J. Froncek, 2300 Central Trust Tower, Five West Fourth Street, Cincinnati, Ohio 45202, for Appellee.*

*J. Timothy Riker, Ebner & Riker Co., L.P.A., 1100 American Building, 30 East Central Parkway, Cincinnati, Ohio 45202, for Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, and the briefs and arguments of counsel.

The plaintiff, Janet Alexander, and the defendant, Mary David, were involved in an automobile accident on August 11, 1984. The appellee, Michael David ("David"), was named as a defendant in the ensuing complaint by virtue of the fact that, as Mary's father, he cosigned her application for a driver's license. Therefore, he was said to be liable for Mary's alleged negligence in causing the collision. Faye David was also named as a defendant for negligently entrusting her automobile to her daughter.

At the time of the accident, David was insured by the appellant, Progressive Casualty Insurance Company ("Progressive"). Coverage was denied, and David filed a third-party complaint against Progressive for breach of contract. Progressive and David filed motions for summary judgment. The trial court granted David's motion and denied Progressive's motion. Progressive appealed to this court.

On appeal, this court affirmed the denial of Progressive's motion for summary judgment but reversed the entry of summary judgment upon David's motion because the insurance policy issued by Progressive to David in effect at the time of the accident was not in the record. We, therefore, remanded the cause to the trial court for further proceedings. *Alexander v. David* (Dec. 21, 1988), Hamilton App. No. C-880132, unreported. On remand, the parties filed a stipulation and entered the proper insurance policy into the record. Progressive and David renewed their motions for summary judgment. The trial court granted David's motion and denied Progressive's motion. Progressive then filed this timely appeal.

Progressive raises two assignments of error contending that the trial court erred in granting David's motion for summary judgment and in denying Progressive's motion for summary judgment. We agree.

R.C. 4507.07 provides that the application of any minor under eighteen years of age for a probationary or restricted driver's license may only be granted if the application is signed by a parent, a guardian, or a responsible person who is willing to assume the obligations imposed by the statute. R.C. 4507.07 further provides that any negligence committed by the minor while driving a motor vehicle on a highway shall be imputed to the person who signed the minor's application for a license. See *McCants v. Chenault* (1954), 98 Ohio App. 529, 130 N.E.2d 382. By cosigning Mary's application for a driver's license, David willingly assumed the obligation imposed by R.C. 4507.07

that Mary's negligence while driving a motor vehicle on a highway would be imputed to him.

The exclusionary provision in Part I of the insurance policy issued to David states that the policy does not apply "to liability assumed by the insured under any contract or agreement." David agreed to assume liability for Mary's negligence when he cosigned her application for a driver's license. Therefore, the insurance policy issued by Progressive does not provide coverage with respect to the liability asserted against David by Alexander pursuant to the exclusionary language found in the policy. See *Buckeye Union Casualty Co. v. Bell* (C.A. 7, 1957), 249 F.2d 211, certiorari denied (1958), 356 U.S. 920. Accordingly, Progressive had no duty to provide coverage to David in the suit filed against him by Alexander.

Progressive was entitled to summary judgment under Civ. R. 56. The trial court, therefore, erred in granting David's motion for summary judgment and in denying Progressive's motion for summary judgment.

The judgment of the trial court is reversed and this cause is remanded for the entry of an order in accordance with this Decision and for any further proceedings that may be necessary to accord with law.

UTZ, P.J., DOAN and KLUSMEIER, J.J.