1998 ND 160

**Terry RYDBERG, Plaintiff and Appellant,**

**and Melissa Lynn Rydberg, a minor child, Plaintiff,**

v.

**Troy Allen JOHNSON, Defendant and Appellee.**

**Civil No. 970232.**

Supreme Court of North Dakota.

Aug. 24, 1998.

Thomas K. Schoppert, Schoppert Law Firm, Minot, for plaintiff and appellant.

Carol K. Larson, Pringle & Herigstad, PC, Minot, for defendant and appellee.

SANDSTROM, Justice.

[¶ 1] Terry Rydberg appeals from a judgment denying her past child support. Because we conclude the trial court's denial of past child support was not an abuse of discretion, we affirm.

I

[¶ 2] Terry Rydberg initiated this action in July 1996 against Troy Allen Johnson to establish paternity of her minor daughter born July 18, 1983, and to obtain future and past child support. In his answer, Johnson admitted he is the girl's father and in his counterclaim sought custody and child support.

[¶ 3] Various ex parte orders were sought by the parties, but all were denied. Johnson sought an interim custody order, but it was denied because the trial court found there was insufficient evidence to justify a change in custody. The trial court granted partial summary judgment, concluding Johnson was the girl's father. Rydberg subsequently sought to amend the interim custody order to include child support. On March 24, 1997, the trial court ordered $508 per month in child support, retroactive to February 1, 1997.

[¶ 4] After a bench trial was held, the trial court awarded Johnson custody of his daughter. Johnson prepared proposed findings of fact, conclusions of law, and an order for judgment. In a letter to the trial court, Rydberg objected to the proposed findings on the basis they failed to address past child support, and she proposed a sum of $300 per month for the past ten years, for a total of $36,000, as reasonable. By letter, the trial court asked Johnson to respond to Rydberg's argument. Johnson responded by letter and contended the trial court had addressed past child support in its oral decision. In his reply letter, Johnson quoted N.D.C.C. § 14–09–14, noted Rydberg had failed to participate in a hearing on temporary custody and child support, and stated "the evidence was clear that for the majority of [Johnson's daughter's] life, she has resided with [Johnson's mother] without support or contribution from Terry Rydberg. An award of additional child support retroactive is clearly unwarranted in this case." The trial court by letter agreed with the comments in Johnson's letter, and signed Johnson's previously proposed findings of fact.

[¶ 5] Terry Rydberg appeals from the July 14, 1997, judgment of the Ward County District Court. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 14–17–07, 27–05–06. This

Court has jurisdiction under N.D. Const. art. VI, §§ 2, 6, and N.D.C.C. § 28–27–02. The appeal was timely under N.D.R.App.P. 4(a).

## II

■ [¶ 6] Generally, child support determinations are findings of fact, governed under the clearly erroneous standard of review. *Hogue v. Hogue*, 1998 ND 26, ¶ 22, 574 N.W.2d 579. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if, on the entire record, we are left with a definite and firm conviction that a mistake has been made." *Edwards v. Edwards*, 1997 ND 94, ¶ 4, 563 N.W.2d 394. However, because N.D.C.C. § 14–17–14(4) allows the trial court to limit past child support as the trial court deems just, we review determinations limiting past child support for abuse of discretion. *See, e.g., McNeal v. Swain*, 477 N.W.2d 531, 533–34 (Minn.Ct. App.1991). The interpretation of a statute is a question of law, fully reviewable on appeal. *See, e.g., State v. One Black 1989 Cadillac*, 522 N.W.2d 457, 460 (N.D.1994).

## III

[¶ 7] On appeal, Rydberg argues N.D.C.C. § 14–17–14(4) authorizes a trial court to order past child support. N.D.C.C. ch. 14–17 is North Dakota's adoption of the Uniform Parentage Act. N.D.C.C. § 14–17–14(4) contains language identical to section 15(d) of the Uniform Parentage Act, and provides, in part: "The court may limit the father's liabil-

ity for past support of the child to the proportion of the expenses already incurred that the court deems just."

■ [¶ 8] Under N.D.C.C. §§ 1–02–13 and 14–17–25, a uniform law must be construed to effectuate its general purpose to make uniform the law of those states which enact it. *Accord One Black 1989 Cadillac*, 522 N.W.2d at 460. Therefore, we look for interpretive guidance from decisions of courts in other states that have adopted the Uniform Parentage Act. *See Luken v. Schulz*, 551 N.W.2d 794, 798 (N.D.1996); *see also Milbrath v. Milbrath*, 508 N.W.2d 360, 363 (N.D. 1993) ("Court decisions interpreting other jurisdictions' adoption of uniform acts will be considered highly persuasive.").

■ [¶ 9] Several states have adopted the Uniform Parentage Act and have retained statutory language identical to or similar to Uniform Parentage Act § 15(d) and N.D.C.C. § 14–17–14(4).[1] A review of courts interpreting this language shows Uniform Parentage Act § 15(d) has been read as authority to allow a court to award past support. *See In Interest of L.W.*, 756 P.2d 392, 393–94 (Colo. Ct.App.1988); *Rieck v. Lambert*, 396 N.W.2d 269, 271 (Minn.Ct.App.1986); *Lamdin v. Ferraro*, 270 Mont. 484, 893 P.2d 332, 336 (1995); *Nettles v. Beckley*, 32 Wash.App. 606, 648 P.2d 508, 510–11 (1982); *Ellison v. Walter*, 834 P.2d 680, 684–85 (Wyo.1992). We find the conclusion reached by these courts persuasive and agree with Rydberg past support

1. *See* Colo.Rev.Stat. Ann. § 19–4–116(4) (1997) ("The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just."); Haw.Rev.Stat. § 584–15(d) (Supp.1997) ("The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just."); Minn.Stat. Ann. § 257.66 subd. 4 (West 1998 Supp.) ("The court shall limit the parent's liability for past support of the child to the proportion of the expenses that the court deems just, which were incurred in the two years immediately preceding the commencement of the action."); Mo.Rev.Stat. § 210.841(4) (Supp.1997) ("The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court deems just."); Mont.Code Ann. § 40–6–116(4)(c) (1997) ("The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred that the court considers just."); Nev.Rev.Stat. § 126.161(4)(b) (1997) ("The court may limit the father's liability for past support of the child to the proportion of the expenses already incurred which the court deems just."); N.J. Stat. Ann. § 9:17–53(d) (Supp.1998) ("The court may limit a parent's liability for past support of the child to the proportion of the expenses already incurred that the court deems just."); Wash. Rev.Code § 26.26.130(4) (1996) ("The court may limit the father's liability for the past support to the child to the proportion of the expenses already incurred as the court deems just."); Wyo. Stat. Ann. § 14–2–113(d) (Michie 1997) ("The court, as it deems just, may limit the father's liability for past support of the child to the proportion of the expenses already incurred.").

may be awarded in an action under N.D.C.C. ch. 14–17.

[¶ 10] Under N.D.C.C. § 14–09–14, however, which Johnson quoted in his letter to the trial court, "A parent is not bound to compensate the other parent or a relative for the voluntary support of the parent's child without an agreement for compensation . . . ." Rydberg argues the trial court read Johnson's citation to N.D.C.C. § 14–09–14 as completely barring the recovery of any past child support. Rydberg argues N.D.C.C. § 14–09–14 "clearly is not applicable, nor compatible with the mandates of N.D.C.C. 14–17–14(4)." Johnson conceded at oral argument, however, N.D.C.C. § 14–09–14 is modified by N.D.C.C. § 14–17–14(4) and past child support may be awarded. Johnson contends the trial court did not consider N.D.C.C. § 14–09–14 to be a complete bar to past support because the trial court accepted all of the comments made in Johnson's letter—not just the comment referring to N.D.C.C. § 14–09–14.

■ [¶ 11] Rydberg's assertion the trial court concluded N.D.C.C. § 14–09–14 was a complete bar to past support and the trial court chose to rely solely on this section as a bar to recovery is without merit. We conclude the trial court correctly interpreted the law, but determined an award of no past child support was just under the facts of this case. As was noted in Johnson's letter to the court and is undisputed, Troy Johnson's mother contributed extensively to the support of Johnson and Rydberg's child. This is also an unusual case, because although Rydberg initiated this action under the Uniform Parentage Act, Johnson admitted he was the father and was awarded custody. Furthermore, because Johnson was known to her, Rydberg could have brought this action and sought prospective child support years earlier instead of attempting to sow new ground by seeking a decade's worth of past child support.

[¶ 12] Although particularized findings of fact should be made in future cases seeking past child support, we conclude the trial court's decision to award no past child support was not an abuse of discretion.

IV

[¶ 13] The judgment is affirmed.

[¶ 14] VANDE WALLE, C.J., NEUMANN, MARING and BERT L. WILSON, Surrogate Judge, concur.

[¶ 15] BERT L. WILSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

