1999 ND 57

**Toni M. ANDERSON, Plaintiff,**

v.

**Derrik E. ANDERSON, by and through his parent and natural guardian, Rory ANDERSON, and Milbank Mutual Insurance Company, Defendants**

**No. 980251.**

Supreme Court of North Dakota.

April 6, 1999.

Rehearing Denied April 27, 1999.

H. Patrick Weir, Lee Hagen Law Office, Ltd., Fargo, ND, for plaintiff.

Scott K. Porsborg (argued) and Daniel L. Hovland, Smith Bakke Hovland & Oppegard, Bismarck, ND, for defendants.

VANDE WALLE, Chief Justice.

[¶ 1] This case raises the following certified question of law: Whether the negligence of a minor driver is imputed to an injured passen-

ger under section 39–06–09, N.D.C.C., when the injured passenger is the parent who signed the minor driver's application for an instructional permit, in accordance with section 39–06–08, N.D.C.C. The trial court answered the question in the negative. We answer the question in the affirmative.

[¶ 2] The statement of facts are detailed in the district court's certification order. In 1994, Toni Anderson was injured while riding as a passenger in a vehicle driven by her fourteen-year-old son, Derrik Anderson. At the time of the accident, Derrik Anderson was operating the vehicle with an instructional permit issued upon an application signed by his mother, Toni Anderson. Following the accident, Toni Anderson filed a claim with Milbank Mutual Insurance Company, the family's insurer. Milbank denied Toni Anderson's claim on the grounds section 39–06–09, N.D.C.C., imputes Derrik Anderson's negligence to Toni Anderson, barring her claim for injuries.

[¶ 3] Toni Anderson brought suit against Derrik Anderson and Milbank. Milbank moved for summary judgment. Following a hearing, the district court denied Milbank's motion for summary judgment. The parties stipulated to the remaining factual issues and an order certifying the above issue was filed under N.D.C.C. § 32–24–02 and Rule 47, N.D.R.App.P.

[¶ 4] Our answer to the certified question and the outcome of this case are dependent upon our interpretation of N.D.C.C. § 39–06–09. As we stated in *Rydberg v. Johnson*, 1998 ND 160, ¶ 6, 583 N.W.2d 631, statutory interpretation is a question of law. In construing a statute, our duty is to ascertain the intent of the legislature. *See, e.g., Singha v. State Bd. of Medical Examiners*, 1998 ND 42, ¶ 16, 574 N.W.2d 838. To ascertain the legislative intent, we look first to the language of the statute as a whole. *Id.* We construe a statute's words in their plain, ordinary and commonly understood sense. *Id.;* N.D.C.C. § 1–02–02. If a statute's language is clear and unambiguous, we do not disregard that language under the pretext of pursuing legislative intent, N.D.C.C. § 1–02–05, because the intent is presumed clear from the

face of the statute. *Id.* However, if the statutory language is ambiguous, or if adherence to the strict letter of the statute produces an absurd or ludicrous result, N.D.C.C. § 1–02–38(3), we may use extrinsic aids to interpret the statute. *Id.*

[¶ 5] Toni Anderson argues N.D.C.C. § 39–06–09 imputes only financial liability, not negligence, to the parent or guardian who signs a minor driver's application for an instructional permit and is not intended to bar the claims of an injured parent or guardian. She maintains this objective is shown in the language of the permit application, which states the party signing the application "assumes the financial liability for the negligent acts of the designated minor" as well as N.D.C.C. § 39–06–10.

[¶ 6] The provision of the Century Code Milbank denied coverage under is N.D.C.C. § 39–06–09 which reads:

> Any negligence of a minor when driving a motor vehicle upon a highway must be imputed to the person who has signed the application of such minor for a permit or license, which person must be jointly and severally liable with such minor for any damages caused by such negligence, except as otherwise provided in section 39–06–10.

Under section 39–06–10, N.D.C.C.:

> If a minor deposits or there is deposited for the minor proof of financial responsibility for the operation of a motor vehicle owned by the minor, or for the operation of any motor vehicle, as required under the motor vehicle financial responsibility laws of this state, then the director may accept the application of the minor.

The signature requirement is outlined in section 39–06–08, N.D.C.C., providing:

> The application of any minor for an instruction permit or operator's license must be signed and verified before a person authorized to administer oaths or the director's agent, by the father, mother, or legal guardian, or, in the event there is no parent or legal guardian, then by another responsible adult who is willing to assume the obligation imposed under this chapter

upon a person signing the application of a minor.

[¶ 7] We believe the plain language of N.D.C.C. § 39–06–09 imputes Derrik Anderson's negligence to his mother, Toni Anderson. As we emphasized in *Coldwell Banker v. Meide & Son, Inc.*, 422 N.W.2d 375, 379 (N.D.1988), when the legislature's intent is apparent from the face of the statute, there is no room for construction and the court will follow the rule of literal interpretation in applying the words of a statute. Section 39–06–09, N.D.C.C., specifically provides that "*any negligence* of a minor ... must be imputed to the person who has signed the application of such minor for a permit or license ..." (emphasis added). Not only does the statute include the words "any negligence," but the statute does not contain any language limiting its scope. Furthermore, our prior cases indicate the word "any" used in a statute generally means "all" or "every" and suggests a broad and expansive meaning. *See Christianson v. City of Bismarck*, 476 N.W.2d 688, 690 (N.D.1991) (citing *State v. Zueger*, 459 N.W.2d 235 (N.D.1990)).

[¶ 8] We recognize the issue is one of first impression in North Dakota and a split of authority has developed among jurisdictions with similar statutory provisions. Some courts have held that all negligence of a minor driver is imputed to the parent or guardian who signs the instructional driving permit. *See, e.g., Garrison v. Funderburk*, 262 Ark. 711, 561 S.W.2d 73 (1978); *Ruiz v. Ruiz*, 427 So.2d 298 (Fla.Dist.Ct.App.1983); *Hartough v. Brint*, 101 Ohio App. 350, 140 N.E.2d 34 (1955); *McCants v. Chenault*, 98 Ohio App. 529, 130 N.E.2d 382 (1954). However, other jurisdictions have held these statutes impute only financial liability, not negligence, to the parent or guardian who signs the permit application. *See, e.g., Otto v. Leany*, 635 P.2d 410 (Utah 1981); *Phillips v. Tooele City Corp.*, 28 Utah 2d 223, 500 P.2d 669 (1972); *Sizemore v. Bailey's Adm'r.*, 293 S.W.2d 165 (Ky.1956); *Wenisch v. Hoffmeister*, 168 Ind.App. 247, 342 N.E.2d 665 (1976). Some decisions may be distinguishable because of the statutory language. Furthermore, there are persuasive policy arguments on both sides of the issue. *Compare Garri-*

*son*, 561 S.W.2d at 76 (imputing a minor driver's negligence to the parent or guardian signing the instructional driving permit sanctions the adult's action of placing a potentially dangerous instrumentality in the hands of a minor while failing to impute negligence would allow the adult to escape the consequences proximately caused by his own negligence) *with Stanfield v. Tilghman*, 342 N.C. 389, 464 S.E.2d 294, 297 (1995) (imputing a permittee's negligent operation of a vehicle to the supervising adult would make adults less inclined to serve as supervisors over a permittee's practice driving).

[¶ 9] Under the circumstances of this case, we need not decide which line of authority is the most persuasive because, by its terms, N.D.C.C. § 39–06–09 requires the imputation of all negligence, not solely financial liability, to the signing parent or guardian. Despite Toni Anderson's urging we follow the line of cases imputing only financial responsibility, our established rules of statutory interpretation require we not go beyond the expressed language of the statute where the legislature's intent is clear from the face of the statute.

[¶ 10] Accordingly, we conclude the plain language of N.D.C.C. § 39–06–09 requires Derrik Anderson's negligence be imputed to his mother, Toni Anderson, who signed the permit application, barring her claim for injuries sustained in the accident.

[¶ 11] KAPSNER, J., concurs.

SANDSTROM, Justice, concurring in the result.

[¶ 12] Because the majority, at ¶ 4, misstates the provisions of N.D.C.C. § 1–02–38(3), I concur in the result.

[¶ 13] Dale V. Sandstrom

MARING, Justice, dissenting.

[¶ 14] I respectfully dissent and would answer the certified question in the negative, concluding the parent who signed the minor driver's application for an instructional permit in accordance with N.D.C.C. § 39–06–08 is not barred by N.D.C.C. § 39–06–09 from recovery for damages sustained by the par-

ent from the negligence of the minor driver in the operation of an automobile.

[¶ 15] The majority is correct insofar as it recognizes the interpretation of a statute is a question of law. *See Rydberg v. Johnson*, 1998 ND 160, ¶ 6, 583 N.W.2d 631. We construe statutes to ascertain the intent of the Legislature by first looking to the language of the statutes as a whole. *Singha v. North Dakota State Bd. of Medical Examiners*, 1998 ND 42, ¶ 16, 574 N.W.2d 838. If the language of the statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its intent. *Id.;* N.D.C.C. § 1–02–05. "If, however, the language of a statute is ambiguous or if adherence to the strict letter of the statue would lead to injustice or absurdity, the spirit of the law prevails over the literal meaning of the particular language of the statute for purposes of construing the statute to give effect to the legislative intent." *Loney v. Grass Lake Public Sch. Dist. No. 3*, 322 N.W.2d 470, 472 (N.D.1982). Moreover, we consider statutes "as a whole and in relation to other provisions, with each provision harmonized, if possible, to avoid conflicts." *Dundee Mut. Ins. v. Balvitsch*, 540 N.W.2d 609, 612 (N.D.1995).

[¶ 16] I believe our rules of statutory construction require us to consider N.D.C.C. § 39–06–09 together with its counterparts, sections 39–06–08 and 39–06–10. These statutes are *pari materia* and when considered together an ambiguity arises as to whether N.D.C.C. § 39–06–09 imputes only financial liability and not negligence that would bar damage claims of a parent who signs a minor driver's application for an instruction permit.

[¶ 17] In 1955, the North Dakota Legislative Assembly adopted nearly verbatim the language of section 6–107 of the Uniform Vehicle Code (UVC), which read:

### § 6–107 —Applications of minors

(a) The application of any person under the age of 18 years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by other responsible person who is willing to assume the obligation imposed under this act upon a person signing the application of a minor.

(b) Any negligence or willful misconduct of a minor under the age of 18 years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct (except as otherwise provided in the next succeeding paragraph).

(c) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this State, then the department may accept the application of such minor when signed by one parent or guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section.[5]

---

5. Subsection (c) is suitable for adoption in those States which adopt a motor vehicle financial responsibility law.

These provisions were codified as sections 39–0608, 39–0609 and 39–0610, N.D.R.C. (Supp.1957); 1955 N.D. Sess. Laws ch. 251, §§ 8, 9, and 10. While there have been minor textual changes, the statutes today read nearly the same as they did when adopted.

**39–06–08. Application of Minors.** The application of any minor for an instruction permit or operator's license must be signed and verified before a person authorized to administer oaths or the director's agent, by the father, mother, or legal guardian, or, in the event there is no par-

ent or legal guardian, then by another responsible adult who is willing to assume the obligation imposed under this chapter upon a person signing the application of a minor.

**39–06–09. Liability for negligence of minor—General.** Any negligence of a minor when driving a motor vehicle upon a highway must be imputed to the person who has signed the application of such minor for a permit or license, which person must be jointly and severally liable with such minor for any damages caused by such negligence, except as otherwise provided in section 39–06–10.

**30–06–10. Liability for negligence of minor—Proof of financial responsibility.** If a minor deposits or there is deposited for the minor proof of financial responsibility for the operation of a motor vehicle owned by the minor, or for the operation of any motor vehicle, as required under the motor vehicle financial responsibility laws of this state, then the director may accept the application of the minor.

[¶ 18] The only significant difference between the UVC provisions and the corresponding North Dakota statutes is that N.D.R.C. § 39–0610 omitted certain language from UVC § 6–107(c). The following language of UVC § 6–107(c) is omitted in N.D.R.C. § 39–0610 and in the current N.D.C.C. § 39–06–10.

(c) . . . when signed by one parent or the guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section.

Although the exclusion of this language from N.D.C.C. § 39–06–10, at first blush, may lend the impression the Legislature intended imputation of negligence to the parent even where proof of financial responsibility is deposited, an analysis of the statutes as a whole; the intent of the drafters of the UVC; and the interpretation of similar provisions by other jurisdictions leads to the conclusion the Legislature intended these statutes as remedial.

[¶ 19] The Historical Note to section 6–107 of the UVC indicates parental consent for a minor's driver's license has been required by the UVC since its adoption in 1926. *See* Driver Licensing Laws Annotated § 6–107 (1973). In 1934, subsections (b) and (c) of § 6–107 were added "to provide that *unless proof of financial responsibility were deposited on behalf of the minor, the responsibility for any damages caused by the minor's* operation of a motor vehicle *would be imputed to the consenting parent." Id.* (emphasis added). Clearly the intent of the UVC drafters was to provide financial responsibility for damages sustained by third persons in the event of negligence on the part of the minor driver. Subsection (b) was intended to make the consenting parent or guardian responsible for any damages caused by the negligence of the minor and subsection (c) was intended to relieve the parent of financial responsibility provided proof of financial responsibility was deposited.

[¶ 20] Subsection (b) specifically excepted parental financial responsibility with the language "(except as otherwise proved in the next succeeding paragraph)." The "next succeeding paragraph" was subsection (c) which dispensed with the liability imposed upon the parent in subsection (b) if proof of financial responsibility was deposited. N.D.C.C. § 39–06–09, the corollary to UVC § 6–107(b) also contains this exception to the liability of the consenting parent, reading ". . . except as otherwise provided in section 39–06–10." N.D.C.C. § 39–06–10 provides "the director may accept the application of the minor" if there is deposited proof of financial responsibility.

[¶ 21] N.D.C.C. § 39–06–10 can certainly be interpreted to provide that the department can accept the minor's application without the signature of a parent or guardian willing to assume financial responsibility for the negligence of the minor, if proof of financial responsibility is deposited. In other words, the exception to the imposition of liability on the parent for damages is the deposit of proof of financial responsibility.

[¶ 22] Another interpretation of these two statutes would be that our Legislature intended to require parental liability even if proof of financial responsibility was deposit-

ed. Why then the language referring to section 39–06–10 as an exception to section 39–06–09? Why when referring to the application would the Legislature leave out the requirement of the parental signature?

[¶ 23] Our Court in *Rodgers v. Freborg*, 240 N.W.2d 63 (N.D.1976), had an opportunity to consider the language of N.D.C.C. §§ 39–06–09 and 39–06–10. Therein we interpreted the exception language at the end of section 39–06–09 to mean: "[unless the minor has proven his own financial responsibility pursuant to Section 39–06–10]." *Id.* at 64. We further concluded "[c]learly, the Legislature intended by these sections to preclude issuing permits and licenses to members of a class of the population that is ordinarily judgment—proof." *Id.* at 65. We cited with approval the Utah Supreme Court's conclusion that Utah's statute, "similar to the above sections, 'was enacted to protect the public by requiring proof of financial responsibility in behalf of persons under the age of eighteen years before issuance of a driver's license.' " *Id.* (citing *Rogers v. Wagstaff*, 120 Utah 136, 232 P.2d 766, 769 (1951)).

[¶ 24] It must also be noted that when subsection (c) was added to UVC § 6–107 in 1934 a footnote to subsection (c) explained: "Subparagraph (c) [is] suitable for adoption in those states which adopt a motor vehicle financial responsibility law." When North Dakota adopted UVC § 6–107(c) our financial responsibility law was found in N.D.C.C. ch. 39–16. It, therefore, makes sense that our Legislature would not only adopt subsection (b), but also the exception in subsection (c) recognizing that proof of financial responsibility would fulfill the purpose of the statutes. We have acknowledged that the Legislature's purpose in enacting our financial responsibility laws was to protect innocent victims of motor vehicle accidents from financial disaster. *Hughes v. State Farm Mut. Auto. Ins.*, 236 N.W.2d 870, 880 (N.D. 1975).

[¶ 25] When construing uniform laws we may look to the drafters' official comments and historical notes. *See, e.g., State v. Carlson*, 1997 ND 7, ¶ 18, 559 N.W.2d 802. In 1971, the drafters of the revisions to the UVC deleted subsection (b) and (c) of section 6–107 and revised subsection (a) by deleting the phrase "who is willing to assume the obligation imposed under this act upon a person signing the application of a minor." These deletions were made "because of the adoption of compulsory insurance provisions in the Code." *See* Driver Licensing Laws Annotated § 6–107 (1973). North Dakota adopted compulsory automobile liability insurance in 1975, N.D.C.C. § 39–08–20, 1975 N.D. Sess. Laws, ch. 340 § 2; yet the Legislature has not repealed §§ 39–06–09 and 39–06–10. Recognizing the Legislature may have wanted parental consent in order for a minor to obtain a driver's license or learner's permit, it is nevertheless difficult to understand the need to impute negligence to the signing parent when our state law makes it mandatory to have automobile liability coverage for the purpose of being able to respond in damages for liability. Enactment of legislation in North Dakota making uninsured and underinsured motorist coverage mandatory also clouds any rationale for a policy that imputes a minor child's negligence while driving an automobile to the parent even when proof of financial responsibility is deposited. *See* N.D.C.C. §§ 26.1–40–15.2 and 26.1–40–15.3.

[¶ 26] Interestingly the stipulation of facts in the record clearly indicates at the time of this accident, the motor vehicle driven by the minor was insured by Milbank Mutual Insurance Company for liability and underinsured/uninsured motorist coverage.

[¶ 27] When we interpret statutes adopted from uniform acts, we are guided by the rule of construction in N.D.C.C. § 1–02–13:

> Any provision in this code which is a part of a uniform statute must be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

We have concluded it is appropriate for us to look to other jurisdictions for decisions interpreting similar provisions of their uniform acts as a guide to construing our statutes. *Estate of Opatz v. Speldrich*, 554 N.W.2d 813, 816 (N.D.1996). As the majority points out, a split of authority has developed among jurisdictions with similar statutes. A close

analysis of those cases, however, reveals that two of the jurisdictions cited by the majority, holding the negligence of a minor is imputed to the signing parent to bar claims of damages by that parent, had not adopted UVC § 6–107(c), the financial responsibility exception to UVC § 6–107(b). *See* Ark. Stat. Ann. § 27–16–702, formerly A.S.A. § 75–315; Fla. Stat. § 322.09(2) (1979). In fact, the lack of the financial responsibility exception in the Florida statute is cited as "convincing evidence that the statute's purpose is not only remedial, but prophylactic." *Ruiz v. Ruiz,* 427 So.2d 298, 300 (Fla.App. 3 Dist.1983) (Pearson, J., concurring).

[¶ 28] On the other hand, three of the four jurisdictions cited by the majority, holding that only financial liability and not negligence are imputed to the parent signing the permit application, did adopt in some form the financial responsibility exception under UVC § 6–107(c). *See* Utah Code Ann. § 53–3–211 (recodifying Utah Code Ann. § 41–2–10); Ky. Rev.Stat. Ann. § 186.590(2); S.C.Code Ann. § 56–1–110. The fourth jurisdiction cited by the majority, Indiana, specifically imputes only financial responsibility and not negligence. *See* Ind.Code § 9–24–9–4.

[¶ 29] It is clear by the adoption of the financial responsibility exception, the purpose of the statutes as a whole was to give an injured party a cause of action against a financially responsible defendant. To deny the right of the non-negligent parent to recover does not serve this purpose and results in an injustice.

[¶ 30] For these reasons, I respectfully dissent.

[¶ 31] NEUMANN, J., concurs.